Aasir Azzarmi
401 E 109 St #1A
Los Angeles, CA 90061
(323) 632-8531
Email: azafata@yahoo.com

AASIR AZZARMI, PRO SE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK (S.D.N.Y)

| | |
|---|---|
| AASIR AZZARMI<br><br>   Plaintiff,<br><br>  vs.<br><br>KEY FOOD STORES CO-OPERATIVE, INC., DOES 1-10,<br><br>   Defendants | Case No:<br><br>**VERIFIED COMPLAINT FOR DAMAGES FOR:**<br><br>1) **DEFAMATION PER SE**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DEFAMATION AND JURY TRAIL DEMANDED**

Plaintiff Aasir Azzarmi (herein referred to as "Mr. Azzarmi," or "Plaintiff"), proceeding Pro Se, for his complaint alleges as follows:

VERIFIED COMPLAINT FOR DAMAGES

## THE PARTIES

1. Plaintiff, Aasir Azzarmi, an individual, (herein referred to as **"Plaintiff" or "Azzarmi"**), is a resident of the State of California.

2. **The Defendant KEY FOOD STORES CO-OPERATIVE, INC,** (herein referred to as **"KEY FOODS" or "Defendant KEY FOODS"**), is and was at all relevant times a New York corporation with its principal executive offices in New York County, additionally New York County specifically is where the events occurred which gave rise to this cause of action.

3. **Defendant Angel Doe** (herein referred to as **"Angel Doe" or "Defendant Angel" or "DOE 1"**), is an individual, who is a resident of New York, upon information and belief, was also the original defamer, who published unprivileged defamatory per se false statements of purported facts about Plaintiff's alleged history of criminal activity "arrests" "being jailed" for having allegedly personally witnessed Plaintiff "stealing" to uninterested third parties.Plaintiff doesn't know Defendant Angel's last name, so for the time being, so until discovery, Plaintiff will refer to him as "Defendant Angel." "Defendant Angel" told Plaintiff he is a Key Foods Store Manager, and thus is an agent of Key Foods, Defendant Angel's principal. Defendant Angel was acting in his professional capacity, as a managing agent of Defendant Key Foods, when he published unprivileged defamatory per se false statements of purported facts about Plaintiff having allegedly committed crimes he was arrested for to third parties. Defendants DOES 2-10, are other agents of KEY FOODS, who participated in republishing Defendant Angel's 10/20/2019 unprivileged defamatory per se statements of purported facts about Plaintiff to third parties.

## JURISDICTION AND VENUE

4. Pursuant to 28 U.S.C § 1332, this Court has original jurisdiction over Plaintiff's claims based on the parties' diversity of citizenship and because the amount in controversy exceeds $75,000.

5. Venue is appropriate in this judicial district, pursuant to 28 U.S.C. § 1391 because this Court has personal jurisdiction over Defendants and by reason of the fact that, among other things, this is the judicial district were both Defendants, upon information and belief, work and reside.

---

**VERIFIED COMPLAINT FOR DAMAGES**

Scanned with CamScanner

## SHORT & PLAIN STATEMENT (Rule 8a)

**6A. This is an action for DEFAMATION. Defendants Key Foods and its' Managing Agent, Defendant Angel (Doe 1),and/or Defendants DOES 2-10, published unprivileged,100% FALSE (1)** statements charging and/or implying that Plaintiff committed serious criminal acts under NYS law whereby Defendant Angel allegedly personally witnessed Plaintiff being arrested by police , where he "jailed" allegedly stealing from one of Defendant Key Foods stores on multiple alleged occasions, to other Key Foods Store employees, customers, Store Manger Kim, Store Manager Charmaine, **an unidentified young Hispanic male employee, who is Doe 2** and Does 3-10. Key Foods Store Manager Defendant Angel or Doe 1, personally published unprivileged false statements of purported facts about Plaintiff to several third parties, including the **unidentified young Hispanic male employee(Doe 2),** that Plaintiff is **"a thief"** to other Key Foods Store employees and Key Foods store customers (video tape allegedly exists of this interaction**). In this interaction between Defendant Angel and Plaintiff,Defendant Angel publicly defamed Plaintiff by publicly screaming in front of customer and Key Food employees, "I caught you (Plaintiff) stealing from this store a few times in the last few years. I (Defendant Angel) had you (Plaintiff) arrested and you went to jail a few times already in the past for your history of loading up carts and garbage bags and running out of the store and stealing. "Key Foods has your name and all your information on a list because you are banned from entering or shopping in this store because of your history of always stealing.You (plaintiff) need to leave the store now or I'm calling the police to have you(plaintiff) arrested again. You (Plaintiff) are thief, you (Plaintiff) have been robbing this store for years.You(Plaintiff)know you are not allowed in any Key Foods. Put down those items and leave now or I'll(Defendant Angel) have you (Plaintiff) put in jail again."** Muncher v. Cheesy., 297 N.Y. 94, 75 N.E. 2d 257 (1947). f)."Malice is shown where 'a story is fabricated by the defendant, [or] is the product of his imagination ... .' " (St. Amant v. Thompson (1968) 390 U.S 727, p. 732.). Defendants unprivileged published statements of purported facts to third parties about Plaintiff, publishing that Plaintiff was "arrested" for "theft" and "caught stealing…a few times ," and "went to jail" every time he was "caught stealing…" from Defendant "Key Foods" are ALL 100% false and have no factual basis. Beginning on October 20, 2019, Defendant Angel Doe had no valid factual basis or reasonable belief to publish his unprivileged false statements of purported facts about Plaintiff alleged history of criminal acts, arrests and/or incarceration to Key Foods customers,

**VERIFIED COMPLAINT FOR DAMAGES**

Scanned with CamScanner

Key Foods cashiers and other Key Food Store Managers (Kim and Charmaine). Defendant Key Foods, according to Defendant Angel, also libeled Plaintiff by publishing Plaintiff's name on an alleged "list," to third parties, Key Foods employees, where it is stated as a a fact that Plaintiff is/was "banned" from their store because Plaintiff was "caught stealing" and "arrested" and "went to jail" for larceny and/or some sort of theft, based on Defendant Angel's alleged eyewitness narrative. (Prindonoff v. Balokovich (1951) 36 Cal.2d 788, 789-790.) y." (Rodriguez v. North American Aviation, Inc. (1967) 252 Cal.App.2d 889, 894.) 228 AD2d 206, 208 [1st Dept 1996], *lv denied* 89 NY2d 805 [1996]). *Nolan v. State of New York*, 2018 NY Slip Op 00269 (decided January 16, 2018;(*Golub v Enquirer/Star Group*, 89 NY2d 1074, 1077 [1997]. Defendant Angel Doe, **recklessly and negligently,** published unprivileged statements of purported facts about Plaintiff's alleged history of alleged criminal activity to third parties, Key Foods employees and customers, etc. Defendant Angel's publications about Plaintiff to third parties that Plaintiff was a "thief," who was "arrested" and "went to jail" for "stealing" from Defendant Key Foods Stores Cooperative, Inc. and that he, Defendant Angel personally witnessed Plaintiff committing these alleged crimes and being arrested are/were unequivocally, facially defamatory per se publications, which do not require Plaintiff to plead and/or prove special damages and/or even malice. Defendants, all of them, published unprivileged statements of purported facts about Plaintiff, which imputed and/or implied and/or insinuated that Plaintiff committed criminal acts of larceny and/or petty theft at various times in the past few years, which is facially and unequivocally defamatory per se, as a matter of law. Defendant Angel, acting in his professional capacity as a Managing Agent of Key Food Stores Cooperative Inc, intentionally, recklessly, and negligently published to third parties, these false statements, NOT as OPINIONS or even as HEARSAY, but as PURPORTED FACTS that he ha PERSONALLY EYE-WITNESSED Plaintiff engaging, committing and being arrested and subsequently jailed for these criminal acts under NYS law. As a result, Plaintiff is timely suing for DEFAMATION PER SE. (*see Liberman v Gelstein*, 80 NY2d 429, 435 [1992]); **Under New York law, a defamation claim requires the plaintiff to show: "(1) a false statement that is (2) published to a third party (3) without privilege or authorization, and that (4) causes harm, unless the statement is one of the types of publications actionable regardless of harm." Stepanov v. Dow Jones & Co., 120 A.D.3d 28, 987 N.Y.S.2d 37, 41–42 (N.Y.App.Div.2014).** " Brian v. Richardson, 87 N.Y.2d 46, 637 N.Y.S.2d 347, 660 N.E.2d 1126, 1129 (N.Y.

---

**VERIFIED COMPLAINT FOR DAMAGES**

Scanned with CamScanner

1995);Dillon v. City of New York, 261 A.D.2ds 3438(NY.A.D. 1 Dept.1999) This action is timely brought within 1 year statute of limitations under NYS law.

**6B. REPUBLICATION:** After" Key Foods" Store Manager, Defendant Angel (Doe 1) published unprivileged, 100% false defamatory per se statements on October 20. 2019 about Plaintiff to third parties, (customers, other Key Food Stores Cooperative Inc. employees, Store Manger Kim, Store Manager Charmaine, and various John and Jane Does),who then subsequently republished Defendant Angel's defamatory per se statements about Plaintiff to other third parties, that Plaintiff is/was **"a thief"**, who was **"caught stealing"** and **"was arrested"** and **"went to jail a few times already in the past for ….history of loading up carts and garbage bags and running out of the store and stealing."** and Key Foods has Plaintiff's **"name" on a "list"** because Plaintiff is **"banned from entering or shopping"** in Key Foods because of his **"history of always stealing"** and that Plaintiff has **"been robbing this store for years"** and is not allowed in any Key Foods and that Plaintiff will be **"put in jail again,"** implying Plaintiff was previously in jail. Republication of the allegedly defamatory content will restart the statute of limitations. A _"republication" occurs upon "a separate aggregate publication from the original, on a different occasion, which is not merely 'a delayed circulation of the original edition.'"_ Firth v. State, 775 N.E.2d 463, 466 (N.Y. 2002).Casa de Meadows Inc. (Cayman I.) v. Zaman, 76 A.D.3d 917, 920 (1st Dep't 2010); CPLR215(3); Live Oak Publishing Co. v. Cohagan (1991) 234 Cal.App.3d 1277, 1285;McKinney v. County of Santa Clara (1980);Shiveley v. Bozanich (2003) 31 Cal.App.4th 1230, 1242;Schneider v. United Airlines (1989) 208 Cal.App.3d 71, 75.;Psihoyos v. John Wiley & Sons, Inc., 748 F.3d 120, 124(2d. Cir 2014)

### FACTS

**7. Defendant Angel and/or (DOE 1) is a Managing Agent of Defendant "Key Foods," who manages a Key Foods supermarket store in Manhattan, New York.**

8. Plaintiff has never had any previous interaction with Defendant Angel prior to October 20, 2019.

9. It is undisputed between the parties that Plaintiff was previously a local resident of this community where this particular Key Foods store is located and, as a result, Plaintiff frequently used to shop in this particularly large Key Foods store as a customer, usually on a weekly basis, as Key Foods Store Manager Charmaine and

**VERIFIED COMPLAINT FOR DAMAGES**

Scanned with CamScanner

some of the cashiers will testify to, as well as the previous, smaller location of this store before it moved to a new location on the same street.

10. Many of Key Foods employees, in this particular Key Foods Store, know Plaintiff by name and/or by his face, as he was a local community resident, neighbor, and regular customer, who always paid for his purchases.

11. Plaintiff was never previously arrested by the police at any time in the state of NY and/or any other state in the USA for any crime, including larceny and/or any type of theft.

12. Plaintiff previously had a friendly seller/customer relationship with most of the long-term employees in this particular Key Foods Store, including the Key Foods Store Manager Charmaine and other long term Key Foods employees, whose names Plaintiff can't currently recall, but who know Plaintiff by name and/or by face.

13. On October 20, 2019, Defendant Angel or DOE 1, acting in his professional capacity, as a Managing Agent, began telling another Key Foods employee, young Hispanic male, in front of Plaintiff, **(referring to Plaintiff) "he is a thief," "Ive caught him stealing from this store many times in the past and had him arrested a few times loading up carts and garbage bags and running out of the store and stealing."**

14. Because Plaintiff was never caught stealing and/or arrested, Plaintiff did not initially believe that Defendant Angel was referring to Plaintiff, until he turned around and noticed Defendant Angel pointing at him while publishing his unprivileged, defamatory per se statements about Plaintiff to this other Key Foods male employee, who were both within 6 ft. of Plaintiff's body, while these Defendant Angel and male employee were monitoring, scrutinizing and surveilling Plaintiff's every movement, the entire time Plaintiff was shopping in this Key Foods store.

**15.** Plaintiff initially attempted to ignore Defendant Angel's slanderous and harassing conduct targeted at Plaintiff. However, as Plaintiff moved to the next aisle to do his shopping, Defendant Angel and this other Key Foods male employee followed Plaintiff to continue monitoring and surveilling Plaintiff, where Defendant Angel again loudly slandered and verbally attacked Plaintiff to both the male employee and to several nearby customers when he published:**"I caught you (Plaintiff) stealing from this store a few times in the last few years. I (Defendant Angel) had you**

**VERIFIED COMPLAINT FOR DAMAGES**

Scanned with CamScanner

(Plaintiff) arrested and you went to jail a few times already in the past for your history of loading up carts and garbage bags and running out of the store and stealing. "Key Foods has your name and all your information on a list because you are banned from entering or shopping in this store because of your history of always stealing.You (plaintiff) need to leave the store now or I'm calling the police to have you(plaintiff) arrested again. You (Plaintiff) are thief, you (Plaintiff) have been robbing this store for years.You(Plaintiff)know you are not allowed in any Key Foods. Put down those items and leave now or I'll(Defendant Angel) have you (Plaintiff) put in jail again."

16. Because Plaintiff was never arrested and/or jailed and/or or caught stealing in the past, Plaintiff was humiliated, publicly shamed,, degraded and defamed as Defendant Angel continued slandering Plaintiff in front of other customers, other members of the community and neighbors, who also know and/or knew Plaintiff by either face and/or by name, who were listening to Defendant Angel's loud, slanderous per se statements he was publishing about Plaintiff to these third parties, while pointing directly at Plaintiff on 10/20/2019.

17. Because Plaintiff refused to leave the store, Plaintiff went to the female cashier to pay for items he wished to purchase, this female cashier told Plaintiff that "Defendant Angel had already told all of us cashiers that you are a known thief, to make sure you aren't stealing, and that Angel personally witnessed you stealing from this store on multiple times throughout the years and you are supposed to be banned from the store because Angel had you arrested and you went to jail for stealing from Key Foods in the past."

18. Plaintiff told the cashier that Defendant Angel's unprivileged published statements of purported facts about Plaintiff's alleged criminal history are all 100% false and that Plaintiff will be back to speak to the Manager Charmaine, who has known Plaintiff's name and/or face for at least 8 years, before the store relocated to its current location, as does the Jamaican female cashier who works in the daytime and the other female Store Manager.

19. Defendant Angel subsequently admitted that he, Defendant Angel, confused Plaintiff with someone who had "the same skin color" as Plaintiff's "skin color," and that Defendant Angel misidentified Plaintiff as the person who was arrested and jailed for their history of stealing from Defendant Key Foods. _____

**VERIFIED COMPLAINT FOR DAMAGES**

Scanned with CamScanner

20. Defendant Angel admitted that he recklessly and negligently published to third parties his 100% false defamatory unprivileged statements about Plaintiff **being a "thief" who he "personally witnessed "** stealing from Key Foods on multiple occasions for years, when if fact, the individual was somebody who merely had the same "skin color" as Plaintiff.

**21. After this incident on October 20, 2019, one of the other customers, an unknown older white female former neighbor of Plaintiff's, herein referred to as "Jane Doe"** republished Defendants unprivileged false defamatory per se statements of purported facts about Plaintiff's alleged criminal history to third parties, including the female security guard in a neighborhood residential building, between and/or around October - November 2019 that Plaintiff was **"caught stealing from Key Foods stores a few times and was arrested and went to jail for stealing from Key Foods."**

22. Around April/May 2020, Plaintiff and 2 other customers were attempting to enter Key Foods around 10 minutes before they were closing, the female Key Foods employee, told Plaintiff, **"you cant come in"** and Plaintiff asked **"why not?"** and this young female Key Foods employee who Plaintiff never previously seen told Plaintiff, **"well we are closing soon but I was told that you are a thief, who we've banned from entering the store because you have a history of stealing and got caught stealing, loading up carts and garbage bags and running out of the store many times and we had you arrested. You are on our list of customers who steal and you know you are banned from this store so stop trying to sneak in here. "** This female Key Foods employee then allowed the 2 other customers to enter this Key Foods store, but she would not allow Plaintiff to enter this Key Foods store because of Defendants 10/20/2019 defamatory per se statements about Plaintiff committing a crime to third parties, including this non- long term, female Key Foods employee who Plaintiff has never seen before.

23. Around April/May 2020, this unknown female Key Foods employee, republished Defendants unprivileged false defamatory per se statements of purported facts about Plaintiff's alleged criminal history to third parties,(1 customer was a complete stranger and 1 previous neighbor of Plaintiff who lives in the community)that Plaintiff is **"a thief, who's banned from entering the store because you have a history of stealing and got caught stealing, loading up carts and garbage bags and running out of the store many times and we had you arrested. You are on our**

**VERIFIED COMPLAINT FOR DAMAGES**

Scanned with CamScanner

**list of customers who steal and you know you are banned from this store so stop trying to sneak in here."**

**24.** Several times from October 2020 until July 2020, Plaintiff was denied entrance into this particular Key Foods store to purchase food because of Defendants October 20, 2019 published, false unprivileged statements of purported facts about Plaintiff's alleged criminal history to third parties, that Plaintiff is a **"thief,"** who has an alleged history of **"stealing from Key Foods"** on **"multiple occasions in the past few years"** and was **"arrested"** and **"went to jail."**

**25.** On or around 10/21/2019, Plaintiff spoke to Key Foods Store Manager Charmaine, who knew Plaintiff for years before Defendant Angel published his unprivileged defamatory per se statements of purported facts about Plaintiff to other Key Foods employees, including Charmaine, and other third parties, beginning on October 20, 2019, accusing Plaintiff of being a "thief" who Defendant Angel previously "caught stealing" and had Plaintiff "arrested" by police and that Plaintiff "went to jail "for stealing from this particular Key Foods store.

**26.** Key Foods Store Manager Charmaine admitted to Plaintiff in person, on or around **10/21/2019,** but before April 2020, that Defendant Angel published his unprivileged statements of purported facts about Plaintiffs alleged criminal history to her about Plaintiff being a "thief," who was "caught stealing" in the past and was "arrested" and "went to jail" to several Key Foods employees and other third parties, such as but not limited to herself, beginning on 10/20/2019. However, Key Foods Store Manager Charmaine also admitted to Plaintiff on or around 10/21/2019 that she personally DID NOT RECALL ANY TIME IN THE PAST THAT PLAINTIFF **WAS EVER CAUGHT STEALING FROM KEY FOODS and/or EVER ARRESTED FOR STEALING FROM KEY FOODS.**

**27.** Key Foods Store Manager "Kim", who does not know Plaintiff by face and/or by name before Defendant Angel's 10/20/2019 slanderous and defamatory per se unprivileged, published statements of purported facts about Plaintiff's alleged criminal history to third parties, such as but not limited to other Key Foods employees and customers, told Plaintiff on the telephone in November 2019 that Defendant Angel was **"just doing his job in monitoring and surveilling shoplifters like you, because he caught you stealing again and you are lucky that he didn't get you arrested again. Don't bother me with this bullshit. Get over it. If you aren't a thief, then why are you mad? You are a thief, thats why you are so upset. Don't**

**VERIFIED COMPLAINT FOR DAMAGES**

Scanned with CamScanner

call me again about this or I'll call the police again on you and get you arrested for harassment and entering the store after you were told you were banned from entering on several occasions. And if you come into the store to try to speak to me about this, I'll get a restraining order against you."

28. Plaintiff emailed Defendant Key Foods on October 20, 2019 and complained to Key Foods about Defendant Angel's slanderous, published unprivileged defamatory per se statements of purported facts about Plaintiff's alleged criminal history, to third parties, such as Key Foods male employee and cashier and/or cashiers.

29. From October 20, 2019 until August 20, 2020, Defendant Key Foods has never responded to Plaintiff's 10/20/2019 email to formally address Defendant Angel's slanderous unprivileged published defamatory per se statements of purported facts about Plaintiff's history of alleged arrests and criminal acts to third parties, such as but not limited to other Key Foods employees and customers.

30. The personal, professional and reputational harm from Defendants published unprivileged defamatory per se statements about Plaintiff's history of alleged arrests and criminal acts to third parties has continued until the present time and Defendants refuse to take Plaintiff's name off of their alleged **"list" where Plaintiff is labelled as a "thief," who was allegedly "caught stealing," was "arrested" and "went to jail," and who is now "banned"** from entering this particular Key Foods Store.

31. On several occasions since 10/20/2019, Key Foods employees have banned Plaintiff from entering this particular Key Foods store because of Defendant Angel's published unprivileged statements of purported facts that Plaintiff has a history **of "stealing," is a "thief" who was "arrested" by police and "went to jail"** when **"Defendant Angel personally witnessed"** Plaintiff **"loading up carts and garbage bags and running out of the store many times,"** which is considered a crime of either larceny and/or petty theft under NYS law.

### CAUSE OF ACTION DEFAMATION PER SE (Against ALL Defendants)

32. Plaintiff repeats, re-alleges, adopts, and incorporates herein each and every allegation contained in each of the preceding paragraphs as though fully set forth herein. Plaintiff is informed and believes Defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause external statements of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied statements that portrayed Plaintiff as a person who was a

**VERIFIED COMPLAINT FOR DAMAGES**

career criminal, a "thief" who was "arrested" on several occasions for being "caught stealing" from Defendant "Key Foods" on multiple occasions in the past few years.

33. These statements were outrageous, negligent, reckless, intentional, and maliciously circulated and recirculated by Defendants, and each of them. Plaintiff is informed and believes that the negligent, reckless, and intentional statements by Defendants, and each of them, were and continue to be foreseeably circulated and recirculated by Defendants, their agents, employees, and recipients in the community. Plaintiff hereby seeks damages for these statements and all foreseeable statements or publications discovered up to the time of trial.

34. During the above-described time-frame, Defendants, and each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited dissemination of defamatory statements, of and concerning Plaintiff, to third persons, who had no need or desire to know. Those third person(s) to whom these Defendants disseminated this defamation are believed to include, but are not limited to, other agents and employees of Defendants, and each of them, and the community, all of whom are known to Defendants, and each of them, but unknown at this time to Plaintiff.

35. The defamatory statements consisted of oral, knowingly false, and unprivileged communications, intending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These statements included the following false and defamatory statements with the meaning and/or substance as follows: that Plaintiff is a thief, found guilty of the crime of larceny and/or theft and was arrested and/or went to jail for this alleged crime.

36. Plaintiff is informed, believes, and fears that these false and defamatory per se statements will continue to be made by Defendants, and each of them, and will be foreseeably recirculated by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable statements, including his own compelled self-publication of these defamatory statements.

37 A) The defamatory meaning of all of the above-described false and defamatory statements, and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the community who are known to Defendants, and each of them, but unknown to Plaintiff at this time.

37 B) None of Defendants' defamatory statements against Plaintiff referenced above are true.

38. The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by Defendants, and each of them, and foreseeably republished by recipients of Defendants' statements, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

39. Each of these false defamatory per se statements (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the

**VERIFIED COMPLAINT FOR DAMAGES**

Scanned with CamScanner

statements, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of Defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation and assassinate his character, and to cause him to be shunned, ostracized, avoided and avoided by the community.

40.. Each of these statements by Defendants, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. The Defendants published these statements knowing them to be false and unsubstantiated by any reasonable investigation. These acts of publication were known by Defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did Defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants, and each of them, excessively, negligently and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity of this information.

41. The above complained-of statements by Defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, professional reputation, and employability. Defendants, and each of them, published these statements, not with an intent to protect any interest intended to be protected by any privilege but with negligence, recklessness, and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the Defendants from liability for any of these aforementioned statements. Furthermore, Defendant Angel (Doe 1) was/is an agent of Key Foods Store, ACTING IN HIS PROFESSIONAL CAPACITY as employees of a principal and/or corporation when he published the original unprivileged defamatory per se statements of purported facts about Plaintiff to third parties, who at all times, reasonably understood those statements to be about Plaintiff.

42. As a proximate result of the publications and republications of these defamatory statements by Defendants, and each of them, Plaintiff has suffered injury to his personal, business, and professional reputation including suffering mental anguish, embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, potential job opportunities and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

43. Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights. All actions of Defendants, and each of them, their agents and employees, herein alleged were known, ratified and approved by the Defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from Defendants,

**VERIFIED COMPLAINT FOR DAMAGES**

Scanned with CamScanner

and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

44. Defendants defamatory statements, which are all UNTRUE, were a substantial factor in causing Plaintiff harm.

45. Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this Court, over $75,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A. A declaratory judgment that the actions, conduct, and practices of Defendants complained of herein violated the laws of the State of New York and that Defendants defamed Plaintiff when falsely accusing of a crime;

B. An injunction and order permanently restraining Defendants from engaging in future defamatory conduct by continuing to publish these false unprivileged defamatory per se statements about Plaintiff being a "thief" and that he was "arrested" for "stealing" from Key Foods;

C. An award of damages, in a sum in excess of the jurisdictional minimum of the Superior Court, to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

D. An award of damages, in a sum in excess of the jurisdictional minimum of the $75,000.00, to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and compensatory harm, including, but not limited to, compensation for his depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to his personal and professional reputations and loss of career fulfillment;

E. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F. An award of punitive damages

G. An award of costs that Plaintiff incurred in this action, as well as Plaintiff's fees and costs of prosecuting this action to the fullest extent permitted by law;

H. For such other and further relief as the Court deems just and proper.

**************************JURY DEMAND****************************************************

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

DATE: 08/20/2020

AASIR AZZARMI, PLAINTIFF, PRO SE

---

**VERIFIED COMPLAINT FOR DAMAGES**

Scanned with CamScanner

## VERIFICATION OF COMPLAINT

Aasir Azzarmi, being duly sworn, deposes and says that:

I am the Plaintiff in this action, representing myself Pro Se. I have read the annexed verified complaint, knows the contents thereof and the same are true to my personal knowledge, except these matters which are stated to be alleged "upon information and belief, and as to those matter I believe them to be true or believed them to be true at a previous time. I declare under penalty of perjury under the laws of the State of NY & U.S. Code § 1746 that the foregoing is true and correct.

Date:08/20/2020

AASIR AZZARMI, PLAINTIFF, PRO SE

**VERIFIED COMPLAINT FOR DAMAGES**

Scanned with CamScanner