UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

                      Plaintiff,

         -against-

KEY FOOD STORES COOPERATIVE, INC;
DOES 1-10, *et al.*,

                      Defendants.



20-CV-6835 (GBD)

ORDER OF SERVICE

GEORGE B. DANIELS, United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's diversity jurisdiction, 28 U.S.C. § 1332. He alleges that on October 20, 2019, employees of a Key Food store at an unspecified location in New York County slandered him by making false statements that he had engaged in larceny. Plaintiff brings suit against Key Food Stores Cooperative, Inc., and Does 1-10. By order dated September 18, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

**A.    Service on Key Food Stores Cooperative, Inc.**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to

serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant Key Food Stores Cooperative, Inc., through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for this defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon this defendant.

**B.      Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, however, Plaintiff has not pleaded facts about the address or location of the Key Food store where his claims arose. He therefore has not supplied sufficient information to permit Defendant Key Food Stores Cooperative, Inc., to identify the store manager or other Doe defendants.

For Plaintiff's benefit, the Court also notes that the naming of John Doe defendants does *not* toll the statute of limitations, and a plaintiff is responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail Plaintiff an information package.[1] The Clerk of Court is further instructed to complete the USM-285 forms with the address for Key Food Stores Cooperative, Inc., and deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated: September 22, 2020
       New York, New York

                                       GEORGE B. DANIELS
                                       United States District Judge

---

[1] Plaintiff has consented to electronic service of documents.

## DEFENDANT AND SERVICE ADDRESS

1. Key Food Stores Cooperative, Inc.
   1200 South Avenue
   Staten Island, NY 10314