USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/3/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

    Plaintiff,

-against-

KEY FOOD STORES CO-OPERATIVE INC., et al.,

    Defendant.

20-CV-6835 (GBD) (BCM)

**MEMORANDUM AND ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    For the reasons that follow, plaintiff Aasir Azzarmi's "Motion to Compel, Motion for Rule 16, Rule 26, 37, 16, 11 & USC 1927 Sanctions; Motion to Strike Def.'s Interrogatory Responses," dated April 27, 2021 (Motion) (Dkt. No. 21 at ECF pages 1-27), is DENIED without prejudice to plaintiff's ability to renew his application in accordance with Fed. R. Civ. P. 37(a)(1), Local Civil Rule 37.2, and this Court's Individual Practices, after giving defendant Key Food Stores Cooperative Inc. (Key Food) a reasonable opportunity to (i) verify its interrogatory answers, (ii) produce a listing of the employees who worked at Key Food's 55 Fulton Market store on October 20, 2019, and (iii) consider whether to update its initial disclosures.

## Background

    Plaintiff filed this action, *pro se*, on August 21, 2020, alleging that employees of a Key Food supermarket at 55 Fulton Market in Manhattan falsely accused him of theft on October 20, 2019, in front of other customers, and later refused to admit him to the store. Compl. (Dkt. No. 1) ¶¶ 11-24. Plaintiff asserts a single claim of Defamation Per Se against Key Food and Does 1-10. *Id*. The Doe defendants are identified in the Complaint by their first names and/or descriptions. *Id*. ¶ 2. On January 7, 2021, Key Food appeared and answered. (Dkt. Nos. 13-15.)

On February 25, 2021, during the initial case management conference, plaintiff was granted permission to serve initial interrogatories "in compliance with Local Civil Rule 33.3(a), limited to those seeking identification of potential witnesses and/or the Doe defendants." Initial Case Management Order (Dkt. No. 17) ¶ 2. No other discovery was authorized. *Id*. On February 25, 2021, defendant served its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A), identifying three present or former Key Food employees as individuals likely to have discoverable information "relevant to disputed facts alleged with particularity in the pleadings." Azzarmi Decl. Ex. F, at ECF pages 64-65. Defendant did not list or produce copies of any documents.

On March 10, 2021, plaintiff served 25 interrogatories on Key Food, some of which went well beyond the Court-ordered limits. Azzarmi Decl. (Dkt. No. 21 at ECF pages 28-65) Ex. C.[1] On April 8, 2021, Key Food, served its written responses to the interrogatories. *Id*. Ex. A. The responses, including both objections and answers, were signed (electronically) by defendant's counsel, but the answers were not signed or verified "under oath," as required by Fed. R. Civ. P. 33(b)(3). With respect to the interrogatories that properly sought identification of potential witnesses and/or Doe defendants employed by Key Food, defendant stated, pursuant to Fed. R. Civ. P. 33(d), that it would provide "a list of employees who were on duty on October 20, 2019, including their name and job assignment." *Id*. at ECF page 36. Twelve days later, on April 20, 2021, Key Food produced a printout listing the employees who were on duty at the 55 Fulton Market store on August 20, 2019, including their names, job assignments, and hours. *Id*. at ECF pages 40-47.

---

[1] For example, Interrogatory No. 1 asked, "Is it true that Def. Key Foods actually moved its headquarters to New Jersey?" Azzarmi Decl. Ex. C, at ECF page 51. Interrogatory No. 22 asked, "Does the person who does loss prevention or security at Def. Key Foods 55 Fulton Market store have their own office?" *Id*. at ECF page 53.

On April 22, 2021, during a telephonic status conference, plaintiff stated that he planned to amend his pleading for the purpose of, *inter alia*, adding Key Food employee Angel Palma (originally identified as "Angel Doe," *see* Compl. ¶ 3) as a defendant. Palma was listed in defendant's Rule 26(a)(1)(A) disclosures. Azzarmi Decl. Ex. F. Additionally, Palma's full name appeared on the employee list produced two days before the conference. *Id.* Ex. B, at ECF page 44. At plaintiff's request, he was given until June 1, 2021, to file an amended complaint. *See* Case Management Order (Dkt. No. 20) ¶ 1. Also during the April 22 conference, plaintiff told the Court that he had served 25 interrogatories, but that Key Foods "didn't answer all of them," and asked whether he was "still allowed to serve the remaining that they refused to answer." The Court declined to provide an advisory opinion as to that issue. Plaintiff did not raise any other issues concerning defendant's discovery conduct.

Two days later, on Saturday, April 24, 2021, plaintiff sent an email to Key Food's counsel with the following subject line: "Meet and Confer by 4/27/21 or Motion to Compel/Motion for Sanctions will be filed." Azzarmi Decl. Ex. D at ECF page 58. The email began: "Once again, you got caught being deceitful. I will bring this to the attention of the Court." *Id*. In the body of the email, plaintiff advised counsel, "Your response to this [meet] and confer is due by April 27, 2021, or Plaintiff is filing his Motion[.]" *Id*. at 59. Although the remainder of plaintiff's email (as submitted to the Court by plaintiff) is cut off, it appears to be a near-final draft of the Motion. *Id*. at ECF pages 59-60.

Approximately one hour later (still on Saturday, April 24, 2021), Key Food's counsel responded, explaining why, in defendant's view, its objections to plaintiff's interrogatories were well-taken and its answers were adequate. Azzarmi Decl. Ex. D at ECF pages 56-58. Counsel added that he did not "see any reason to have a verbal discussion with you at this point, as you

have failed to raise any specific objection to our responses," but "[i]f you make such objections in the future I will reconsider my position." *Id*. at ECF page 57.

Two days later, on Monday, April 26, 2021, plaintiff sent another email to Key Food's counsel. It began: "I'll file my motion to compel and sanctions etc. with the Court and let the Court know you refused to follow the Local Rules to meet and confer telephonically before filing the motion. Not a problem." Azzarmi Decl. Ex. D at ECF page 55. Plaintiff went on to complain that Key Foods provided an employee list as of August 20 rather than October 20, 2021 and that its counsel "refused to sign the interrogatories." *Id*. at ECF pages 55-56. He concluded: "Your violations are too long to list. Read the email again. I numbered them." *Id*. at ECF page 56.

The following day, April 27, 2021 plaintiff served and filed the Motion, which includes a 27-page brief, Mr. Azzarmi's declaration, and multiple exhibits, totaling 66 pages.[2] Plaintiff complains, among other things, that defendant "intentionally violated" this Court's Initial Case Management Order (which limited his interrogatories to those "seeking identification of potential witnesses and/or the Doe defendants") by objecting to interrogatories that went beyond those limits. Motion at ECF page 2. He further contends that defendant violated Rule 33(b)(3) by failing to verify its interrogatory answers under oath; "fraudulently" violated Rule 33(d) by promising an employee list as of October 20, 2019, but producing a list as of a different date, two months earlier; defrauded the Court on February 25, 2021, by making "misstatements on the record" (corrected later that day, in writing, in defendant's initial disclosures) as to whether certain potential witnesses remained employed by Key Food; and violated Fed. R. Civ. P. 26(e) by failing to update its initial

---

[2] Although plaintiff's declaration and proof of service represent that he signed those documents in Inglewood, California, on April 27, 2021, *see* Azzarmi Decl. ¶ 12; Proof of Service (Dkt. No. 21 at ECF page 66), his motion papers appeared to have been delivered by hand that same day to the United States Courthouse at 500 Pearl Street, New York, New York.

4

disclosures in light of an October 21, 2019 email, seemingly from Key Foods to plaintiff, that (insofar as the record discloses) plaintiff first brought to defendant's attention on April 27, 2021, as an attachment to his declaration. *Id*. at 2-21; *see also* Azzarmi Decl. ¶¶ 4-6 & Exs. E, F. As a remedy for defendant's "discovery abuse," plaintiff seeks an order (i) compelling defendant to answer all of his interrogatories; (ii) striking all of defendant's existing answers; (iii) granting plaintiff leave to serve 23 additional interrogatories; and/or (iv) staying further proceedings until his interrogatories are fully answered. Motion at ECF pages 1-3, 27. He also seeks sanctions, including the entry of a judgment as to liability against Key Foods and/or monetary sanctions, for defendant's "willful disobedience" of court orders, "frivolous" objections, and "fraud on the court." *Id.* at ECF pages 2, 21-27.

## Discussion

Before making a motion to compel discovery, a party must confer or attempt to confer "in good faith" with the party that has failed to produce or provide discovery, "in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The purpose of the rule (which is echoed in § 2(b) of my Individual Practices, the link for which was provided in the Order Scheduling Initial Case Management Conference, *see* Dkt. No. 16) is "to avoid, wherever feasible, unnecessary litigation of discovery disputes." *Woodward v. Holtzman*, 2018 WL 5112406, at *2 (W.D.N.Y. Oct. 18, 2018) (collecting cases). Thus, it is not enough for a party go through the motions of conferring (or, as in this case, to demand that the opposing party meet and confer by an arbitrary date "or Motion to Compel/Motion for Sanctions will be filed," Azzarmi Decl. Ex. D, at ECF page 58); he must make "a 'genuine attempt to resolve the discovery dispute through non-judicial means.'" *Herrera v. State Farm Lloyds*, 2015 WL 13678720, at *1 (S.D. Tex. Dec. 3, 2015) (quoting *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)); *accord Dorchester*

5

*Fin. Holdings Corp. v. Banco BRJ, S.A.*, 2014 WL 3747160, at *5 (S.D.N.Y. July 3, 2014) (quoting *Prescient Partners, L.P. v. Fieldcrest Cannon, Inc*, 1998 WL 67672, at *2-3 (S.D.N.Y. Feb. 18, 1998) (movant must make a "genuine effort to resolve the dispute" before involving the court); *U.S. Bancorp Equip. Fin., Inc. v. Babylon Transit, Inc.*, 270 F.R.D. 136, 140 (E.D.N.Y. 2010) (quoting *Big Apple Pyrotechnics v. Sparktacular Inc.,* 2006 WL 587331, at *1 (S.D.N.Y. Mar. 8, 2006)) (same). "As many courts have held, the failure to meet and confer in good faith with opposing counsel is 'sufficient reason by itself to deny [a party's] motion to compel.'" *Kaye v. New York City Health & Hosps. Corp.*, 2020 WL 7237901, at *10 (S.D.N.Y. Dec. 9, 2020) (quoting *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016)).

Local Civil Rule 37.2 states that no discovery motion "shall be heard" unless counsel for the moving party (or, in this case, the moving party acting *pro se*) "has first requested an informal conference with the Court by letter-motion for a pre-motion discovery conference . . . and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference." The goal of this requirement – which is also echoed in § 2(b) of my Individual Practices and was expressly included in ¶ 5 of the Case Management Order issued on April 22, 2021, less than a week before plaintiff filed his Motion – is to adjudicate discovery disputes that the parties have been unable to resolve between themselves as efficiently as possible, avoiding the need for formal motion practice with its attendant expense and delay.

*Pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F. Supp. 2d 345, 348 (S.D.N.Y. 2009); *see also Harley v. Nesby*, 2011 WL 6188718, at *11 (S.D.N.Y. Dec. 12, 2011) ("pro se parties are not excused from complying with procedural rules") (collecting cases). Thus, Rule 37(a)(1) and Local Civil Rule 37.2 apply to *pro se* parties just as they do to parties represented

by counsel. *See, e.g., Barnes v. Smith*, 2013 WL 4447897, at *3 (S.D.N.Y. Aug. 19, 2013) (denying various discovery motions filed by the *pro se* plaintiff because he did not comply with Rule 37(a) or Local Civil Rule 37.2, and ordering plaintiff not to "submit any further motions without prior approval from the Court"); *Forsythe v. Loc. 32BJ, SEIU*, 2011 WL 2652395, at *5 (S.D.N.Y. June 23, 2011) (noting that the *pro se* plaintiff failed to comply with Rule 37(a) or Local Civil Rule 37.2 and prohibiting him from filing any further discovery motions "without complying with the federal and local rules"). Strict enforcement is particularly appropriate where, as here, the *pro se* party has considerable litigation experience and demonstrates a detailed knowledge of the applicable discovery rules. *See, e.g., Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010) (the "degree of solicitude" afforded to *pro se* parties "may be lessened where the particular *pro se* litigant is experienced in litigation and familiar with the procedural setting presented").

Plaintiff Azzarmi did not confer or attempt "in good faith" to confer with defendant Key Foods in an effort to obtain the discovery sought "without court action," as required by Rule 37(a)(1). Instead, he sent a single email on a Saturday afternoon, calling defendant's counsel "deceitful," attaching an already-drafted motion to compel and for sanctions (including the ultimate sanction of an adverse liability judgment), and threatening to file it unless Key Food responded by Tuesday. Azzarmi Decl. Ex. D, at ECF pages 58-60. Plaintiff did not offer any resolution that would obviate the need for judicial involvement, nor indicate any interest in such a resolution. Moreover, when defendant's counsel responded promptly, inviting plaintiff to further explain his position, plaintiff cut off the dialog entirely and filed his Motion, claiming that it was defendant that "refused" to meet and confer. Motion at 1. On this record, the Court concludes that while plaintiff made an effort to check the Rule 37(a)(1) box, he did not make a "genuine effort to resolve the dispute." *Dorchester Fin. Holdings Corp.*, 2014 WL 3747160, at *5. *See King v. Stach*,

7

2017 WL 1250428, at *1 (W.D. Wash. Apr. 5, 2017) (holding, on similar facts, that "ignoring a response from defense counsel seeking clarity on the issues upon which plaintiff wished to confer is not an indication of an effort made in 'good faith,'" and denying *pro se* plaintiff's motion to compel). Similarly, plaintiff Azzarmi made no effort to seek an informal discovery conference, as required by Local Civil Rule 37.2, my Individual Practices, and the Case Management Order in this action, before filing lengthy motion papers accusing defendant of various species of fraud and demanding sanctions up to and including the entry of an adverse liability judgment.

## Conclusion

Because plaintiff failed to comply with Rule 37(a)(11) and Local Civil Rule 37.2, the Motion is DENIED, without prejudice to renewal as directed herein.

In order to avoid unnecessary motion practice and promote the "just, speedy, and inexpensive determination" of the issues raised in the Motion, Fed. R. Civ. P. 1, defendant shall have one week from the date of this Memorandum and Order to (i) verify its interrogatory answers under oath in accordance with Fed. R. Civ. P. 33(b)(3), (ii) produce a list of the employees who worked at Key Food's 55 Fulton Market store on October 20, 2019, as promised, and (iii) consider whether to update its initial disclosures, pursuant to Rule 26(e), in light of the October 21, 2019 email attached to plaintiff's motion papers.[3] During the same period, plaintiff shall advise the Court in writing whether he was physically in Inglewood, California when he signed his declaration and proof of service on April 27, 2021 (as stated in those documents) and, if not, why he so attested.

Thereafter, defendant need not make any further response to Interrogatory Nos. 1, 2, 3, 4, 5, 9, 18, 19, 20, 22, 23, 24, or 25. These interrogatories exceed the limits set by this Court in the

---

[3] Rule 26(a)(1)(A)(i) and (ii) require disclosure of individuals having discoverable information, and documents, "that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."

8

Initial Case Management Order, have been adequately answered, or both. If plaintiff believes that he is entitled to any other or further information in response to the remaining interrogatories, he may request an informal conference with the Court by letter-motion, pursuant to Local Civil Rule 37.2, after conferring or attempting to confer in good faith with defendant in a genuine effort to obtain that information without court action, as required by Rule 37(a)(1). Plaintiff is reminded that letter-motions are limited to four pages in length, exclusive of attachments, and must succinctly set forth the basis of the dispute and the relief sought. Moses Ind. Prac. §§ 1(d), 2(b). Due to current public health conditions, no courtesy copies are required. Moses Emergency Prac. § 1(d).

This Memorandum and Order disposes of the motion at Dkt. No. 21.

Dated: New York, New York
May 3, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**