UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



AASIR AZZARMI,

        Plaintiff,

  -against-

KEY FOOD STORES CO-OPERATIVE INC.,

        Defendant.

20-CV-6835 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Since April 27, 2021, *pro se* plaintiff Aasir Azzarmi has filed three motions to compel discovery, for related relief, and for sanctions pursuant to Fed. R. Civ. P. 11, 16, 26, 27, and 37, 28 U.S.C. § 1927, and/or the Court's inherent authority, totaling 119 pages. (Dkt. Nos. 21, 24, 26.) The second and third were filed on Wednesday and Thursday of this week, May 12 and 13, 2021, after the Court denied his first motion on May 3, 2021, without prejudice to renewal (as to certain interrogatories only) in accordance with Fed. R Civ. P. 37(a)(1) and Local Civil Rule 37.2. (Dkt. No. 22.)[1]

Over the same period of time, in his moving papers and email correspondence, plaintiff has repeatedly insulted defendant's lead counsel of record in personal terms, calling him "deceitful" (Dkt. No. 21 at ECF page 58), "another typical Karen" (Dkt. No. 24 at ECF page 31), and – most

---

[1] In this week's motions, plaintiff seeks, among other things: an order requiring defendant to have its litigation counsel verify its interrogatory answers rather than Jin Kim, the General Manager of the grocery store where the alleged defamation occurred (Dkt. No. 24 at ECF pages 2-3); an extension of time to amend his complaint until the interrogatory answers are re-verified and defendant updates its initial disclosures to identify an employee of Key Food Stores Cooperative Inc. whose identity plaintiff has known since October 21, 2019 (*id*. at ECF pages 3-4); a protective order to delay plaintiff's deposition until he has amended his complaint (*id*. at ECF page 4); and leave to serve supplemental interrogatories in excess of 25, which plaintiff appears to have already served, without leave. (Dkt. No. 26 at ECF pages 2, 6, 10-14.) In a May 11, 2021 email attached to his motion papers, plaintiff also complains about defendant's May 11, 2021 responses to two sets of requests for admission (totaling 127 requests) and threatens to file another motion "based on your deficient, insufficient responses." (Dkt. No. 24 at ECF pages 14-17, 25.)

recently – a "rich white KAREN[ ]" with a "hateful agenda." (Dkt. No. 26 at ECF page 4.)[2] In the same papers, plaintiff accuses defendant's counsel of, *inter alia*, "lying" (Dkt. No. 24 at ECF pages 2, 23), "playing . . . games" (*id*. at ECF page 23), committing "FRAUD ON THE COURT" (Dkt. No. 21 at ECF page 24; *see also id*. at ECF page 28; Dkt. No. 24 at ECF page 2; Dkt. No. 25-1 at ECF page 3), making "fraudulent misstatement[s]" (Dkt. No. 21 at ECF page 28), and engaging in "bad faith" conduct (Dkt. No. 21 at ECF page 3), "childish name calling" (Dkt. No. 24 at ECF page 31), "chicanery" (Dkt. No. 25-1 at ECF page 3), and "relentless dilatory fraud." (*Id*.).

It is hereby ORDERED that the Court will hold a telephonic conference on **May 20, 2021**, at **12:00 noon**. At that time, the parties are directed to call **(888) 557-8511** and enter the access code **7746387**.

It is further ORDERED that, in advance of the conference, the parties shall not serve any additional discovery demands or notices, shall not file (or threaten to file) any additional motions for discovery or sanctions, and shall not submit any further letters, briefs, declarations or other materials in support of or in opposition to the motions now pending.

It is further ORDERED that, both before and after the conference, plaintiff Azzarmi shall refrain from name-calling and other *ad hominem* attacks on opposing counsel. *Pro se* parties, like attorneys, are expected to approach discovery cooperatively and deal courteously with their adversaries. *See Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011) (summary order) ("The fact that Koehl was representing himself in this matter does not relieve him of his obligation to respect the dignity of the proceeding and to comply with the orders of the district court. Courts can

---

[2] In his May 13, 2021 filing, plaintiff states that he "does not regret calling opposing counsel a 'KAREN,'" claiming that he did so "righteously" and "has absolutely NO REGRETS!" (Dkt. No. 26 at ECF page 3. Plaintiff then explains at length what is wrong with "Karens" in general and defendant's counsel in particular. (*Id*. at ECF pages 4-5.)

adjudicate disputes only when the parties present reasoned arguments rather than invective-laden diatribes."). Plaintiff is reminded that abusive and insulting language can lead to significant sanctions. *See Pimentel v. Delta Air Lines, Inc.*, 818 F. App'x 100, 101 (2d Cir. 2020) affirming dismissal of two actions brought by plaintiff, under a former name, "for failure to comply with court orders and for using abusive language toward the judges"); *Koehl*, 424 F. App'x at 62 (upholding dismissal of *pro se* complaint "for repeatedly filing documents with the court that contained derogatory and offensive statements regarding the presiding magistrate judge and opposing counsel").

Dated: New York, New York
       May 14, 2021

                                      **SO ORDERED**.

                                      **BARBARA MOSES**
                                      **United States Magistrate Judge**