USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/2/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

                Plaintiff,

-against-

KEY FOOD STORES CO-OPERATIVE INC., et al.,

                Defendants.

20-CV-6835 (GBD) (BCM)

**ORDER REQUESTING PRO BONO COUNSEL**

**Barbara Moses, United States Magistrate Judge**:

The Court respectfully directs the Clerk of Court to seek pro bono counsel to enter a limited appearance on behalf of plaintiff Aasir Azzarmi for the limited purpose of representing him at mediation in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases – unlike criminal cases – there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

**DISCUSSION**

Plaintiff filed this action, *pro se*, on August 21, 2020, alleging that employees of a Key Food supermarket at 55 Fulton Market Street in Manhattan falsely accused him of theft on October 20, 2019, in front of other customers, and later refused to admit him to the store. Compl. (Dkt. No. 1) ¶¶ 11-24. The original Complaint named Key Food Stores Co-operative, Inc. and "Does 1-10" as defendants. Plaintiff filed an Amended Complaint on June 1, 2021, adding defendants 55 Fulton Market, Angel Parma, Shamin Chaitram, and Madeline Donahue. Am. Compl. (Dkt. No. 34) ¶¶ 3-6. Plaintiff asserts a single claim of Defamation Per Se against all defendants. *Id*. ¶¶ 217-231.

On June 18, 2021, defendants 55 Fulton Market, Shamin Chaitram, and Angel Parma filed a motion to dismiss the Amended Complaint. (Dkt. No. 39.) Then, on June 21, 2021, defendants Madeline Donahue and Key Foods filed their own motion to dismiss the Amended Complaint. (Dkt. No. 42.) On July 1, 2021, plaintiff filed papers in opposition to both motions. (Dkt. Nos. 47, 48.) On July 6, 2021, Donahue and Key Food filed a reply brief in further support of their motion. (Dkt. No. 50.) 55 Fulton Market, Chaitram and Parma did not file any reply papers.

Responding to an inquiry by the Court, after a status conference on August 18, 2021, the parties all advised that they either supported or did not oppose a referral of the case to the Court-annexed Mediation Program, pursuant to Local Rule 83.9.(e)(3), and plaintiff requested *pro bono* counsel for the limited purpose of representation at mediation. (Dkt. Nos. 54-57.) The Court issued its Mediation Referral Order on August 26, 2021 (Dkt. No. 58.)

Given the stage of the proceedings, and in order to maximize the benefit of the mediation to all parties, the Court now requests that counsel appear for the limited purpose of representing plaintiff Azzarmi at mediation. Pro bono counsel will not be obligated for any aspect of plaintiff's representation beyond the matters described in this order.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to plaintiff or to the Court in this matter.

## CONCLUSION

The Clerk of Court is directed to attempt to locate pro bono counsel to represent plaintiff for the limited purposes described above. The Court advises plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent plaintiff. If an attorney volunteers, the attorney will contact plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and plaintiff should be prepared to proceed to mediation without an attorney if necessary.

Dated: September 2, 2021
New York, New York

SO ORDERED.

_____
**Barbara Moses**
**United States Magistrate Judge**