```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 2 5 2022
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AASIR AZZARMI,
                           Plaintiff,

-against-

KEY FOOD STORES CO-OPERATIVE INC., 55
FULTON MARKET, MADELINE DONAHUE,
SHARMIN CHAITRAM, and ANGEL PARMA

                        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

20 Civ. 6835 (GBD)(BCM)

GEORGE B. DANIELS, District Judge:

*Pro se* plaintiff Aasir Azzarmi brings this action for defamation against Key Food Stores Co-operative Inc, 55 Fulton Market, Madeline Donohue, Angel Parma, and Shamin Chaitram on the basis of diversity jurisdiction. Plaintiff alleges that Defendant Parma defamed Plaintiff by falsely accusing him of being a thief in front of other customers on October 20, 2019. (Am. Compl., ECF No. 34, at 13-14, 22-25.) Plaintiff further alleges that Defendants Chaitram and Donohue republished the defamatory statements in front of customers and employees of Defendants Key Foods and 55 Fulton Market via email, over the phone, and in person. (*Id.*) Defendants 55 Fulton Market, Chaitram, and Parma (collectively the "55 Fulton Defendants") move to dismiss the Amended Complaint pursuant to Rule 12(b)(6) for failure to state a claim. (55 Fulton Defendants' Notice of Motion to Dismiss Amended Complaint, ECF No. 39.) Separately, Defendants Key Food and Madeline Donahue (collectively the "Key Food Defendants") move to dismiss the Amended Complaint for insufficient service of process pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, as to Defendant Donohue, and Rule 12(b)(6), as to both Key Food Defendants. (Key Foods Defendants' Notice of Motion to Dismiss, ECF No. 42.)

Before this Court is Magistrate Judge Barbara Moses' December 28, 2021 Report and Recommendation (the "Report"), recommending that (1) the Key Food Defendants' motion to dismiss the amended complaint be granted; (2) the 55 Fulton Defendants' motion to dismiss the amended complaint be granted as to Shamin Chaitram; (3) the 55 Fulton Defendants motion be denied as to Defendants Parma and 55 Fulton Market; and (4) that leave to amend the complaint as to Madeline Donahue, Key Foods, Chaitram be denied as futile. (Report, ECF No. 61, at 15-24.)

Magistrate Judge Moses advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 16.) On January 12, 2022, Plaintiff filed what he described as a motion for reconsideration of Magistrate Judge Moses' Report, in which he "objects" to the Report's recommendations, and seeks a de novo determination and review by the District Court. (Motion for Reconsideration ("Objections"), ECF No. 62.) This Court construes his submission as objections to the Report. Defendants did not file objections to the Report.

Having reviewed Magistrate Judge Moses Report, as well as Plaintiffs' objections to the Report, this Court ADOPTS the Report and overrules Plaintiffs' objections. Accordingly, the Key Foods Defendants' motion to dismiss is GRANTED. The 55 Fulton Defendants' motion to dismiss is GRANTED as to Shamin Chaitram, and DENIED as to Defendants Angel Parma and 55 Fulton Market.

## I.   LEGAL STANDARD

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court

must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Federal Rule of Civil Procedure 12(b)(5)

In evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process, "a [c]ourt must look to matters outside the complaint to determine whether it has jurisdiction." *Mende v. Milestone Tech.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citation omitted). When a defendant challenges the sufficiency of service of process pursuant to Rule 12(b)(5), the plaintiff bears the burden of proving that service of process was adequate. *Id.* (citation omitted). However, where the defendant has not been served nor waived service, a court cannot exercise personal jurisdiction over the defendant. *Felix v. City of Poughkeepsie*, No. 16 Civ. 1131 (NSR), 2019 WL 5306981, *5 (S.D.N.Y. Oct. 18, 2019) (noting that the court cannot properly exercise personal jurisdiction over defendants since no defendant has ever been served with summons or waived such service).

3

### C. Federal Rule of Civil Procedure 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.; see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013). This is particularly true for *pro se* plaintiffs, whose submissions are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

### D. Pro Se

"It is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). In general, *pro se* litigants deserve "more lenient treatment than those represented by counsel" but still "have an obligation

to comply with court orders." *Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011) (citing *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988)).

## E. Defamation

"Under New York law, to state a claim for defamation, a plaintiff must allege '(1) a written [or spoken] defamatory statement of and concerning the plaintiff, (2) publication to a third party, (3) fault, (4) falsity of the defamatory statement, and (5) special damages or per se actionability.'" *Kesner*, 515 F. Supp. 3d at 169-70 (quoting *Palin v. N.Y. Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019)).

If a statement is defamatory *per se*, "injury is assumed," even where the plaintiff does not plead special damages. *Celle*, 209 F.3d at 179; *accord, Thai*, 726 F. Supp. at 331. "There are four types of *per se* defamatory statements for which no special damages need be asserted: statements that (i) charge a plaintiff with a serious crime; (ii) tend to injure another in his or her trade, business or profession; (iii) a plaintiff has a loathsome disease; or (iv) impute unchastity to a woman." *Atkins v. Bohrer*, 2011 WL 6779311 (S.D.N.Y. Dec. 23, 2011) (quoting *Zherka v. Amicone,* 634 F.3d 642, 645 n. 6 (2d Cir. 2011)).

"Under New York law, an employer can be held vicariously liable for a defamatory statement made by one of its employees, but only if the employee made the statement in the course of performance of her duties." *Perks v. Town of Huntington*, 251 F. Supp. 2d 1143, 1166 (E.D.N.Y. 2003); *accord E.E.O.C. v. Die Fliedermaus*, 77 F. Supp. 2d 460 (S.D.N.Y. 1999). "[T]he determination of whether a particular act was within the scope of the servant's employment is heavily dependent on factual considerations, and therefore the question is ordinarily one for the jury." *Die Fliedermaus*, 77 F. Supp. 2d at 473.

The statute of limitations for defamation in New York is one year. N.Y. C.P.L.R. (CPLR) § 215(3); *see McKenzie v. Dow Jones & Co.*, 355 F. App'x 533, 535 (2d Cir. 2009) (summary order)

5

(affirming dismissal of untimely claim pursuant to Rule 12(b)(6) and denial of leave to amend where, due to the time-bar, "leave to amend would be futile").

## II.     THE REPORT IS ADOPTED

Magistrate Judge Moses found that the Amended Complaint should be dismissed as to Defendant Donahue because Plaintiff failed to serve Donohue in this action; the allegations against Donohue are untimely; and because Donohue's communications are presumptively subject to the common-interest privilege. (Report at 16.) Magistrate Judge Moses also found that since Plaintiff failed to state a viable defamation claim against Key Food's employee Donahue, Plaintiff's claim against Defendant Key Foods for vicarious liability should be dismissed. (*Id.* at 23.) In addition, Magistrate Judge Moses found that because Defendant Shamin Chaitram's communications with 55 Fulton Market personnel regarding a shoplifter are presumptively subject to the common-interest privilege, the Amended Complaint should also be dismissed as to her. (*Id* at 24.) Magistrate Judge Moses found that Plaintiff has stated a claim for defamation per se against Angel Sharma, and therefore the claim against him, and against 55 Fulton Market on the basis of vicarious liability, should not be dismissed. (*Id.* at 24.) Lastly, Magistrate Judge Moses found that because amendment of the claims against Defendants Donohue, Key Food, and Chaitram would be futile, leave to amend should be denied. (*Id.* at 27.)

Plaintiff objects to Magistrate Judge Moses' finding that Defendant Donohue has not been served in connection with this action, (Objections at 5), that Plaintiff's defamation claim against Key Food's should be dismissed, (*id.* at 8.), and that leave to amend should be denied as to Defendants Key Food and Donahue. The Court reviews Plaintiff's objections de novo, and the remainder of the Report for clear error.

6

### A. The Amended Complaint Should Be Dismissed As to Defendant Donohue

Magistrate Judge Moses found that Plaintiff failed to serve Donohue because the evidence does not reflect that Judy Carkner is Donohue's agent for service of process, or that service of process left with a mailroom clerk identified as "Nate" worked at Donohue's usual place of employment. (Report at 16.)

Plaintiff objects to Magistrate Judge Moses' finding that service on Judy Carkner and "Nate" did not constitute service of process as to Defendant Donohue. (Objection at 5.)

Service of process under Rule 4(e)(2) may be made by personal delivery to the defendant, by leaving copies of the summons and complaint at the defendant's "dwelling place or usual place of abode" with a person of "suitable age and discretion," or by delivering them to an "agent authorized by appointment or by law to receive service of process." Under Rule 4(e)(1), service may be made in accordance with state law. Under CPLR § 308, which governs service on individual defendants in New York, service may be effected by personal delivery to the defendant; by leaving the summons at the defendant's residence or "actual place of business" with a person of "suitable age and discretion" (and then mailing a copy, first class, to the defendant at the same address); or by delivery to "the agent for service of the person to be served." Under both federal and state law, "the designation of an individual to receive service of process must be clear and with the knowledge of the defendant sought to be served." *Jackson v. Cty. of Nassau*, 339 F. Supp. 2d 473, 477 (E.D.N.Y. 2004).

Neither of the two proofs of service filed with regard to Defendant Donahue reflect adequate service of process. The first proof of service Plaintiff filed for Donohue states that the summons was served on Judy Carkner. (Report at 17.) Carkner is designated to accept service by CSC Corporation Services. There is no evidence in the record showing that Donohue appointed

7

CSC Corporation services as her agent for the purposes of accepting service of process. Accordingly, service of process on Carkner does not constitute service of process as to Defendant Donohue. *See Jackson*, 339 F. Supp. 2d at 478-79 (dismissing case against individual physician where the summons was delivered to Savinetti, "the individual who accepted service of process at the Nassau County Medical Center," but there was "no evidence that Dr. Sabir ever appointed Savinetti as his agent for service of process"). The second proof of service Plaintiff filed for Defendant Donahue is equally deficient. Plaintiff states that a summons with Donohue's name on it was left with a mailroom clerk at "Defendant Key Foods Co-Op's corporate headquarters." (Objection at 7.) Plaintiff also states, without support, that this location is Donohue's "physical work location." (*Id.*) As there is no evidence in the record of where Plaintiff attempted to serve Donohue with process, (Report at 18), or the location of Donohue's "actual place of business," Plaintiff has not established that Donohue was adequately served in connection with this action. Fed. R. Civ. P. 4(a), 4(e); CPLR § 308.

Plaintiff also argues that proof of service on Defendant Donohue was adequate because Plaintiff effected service on Defendant Key Food's, and Donohue is being sued in her capacity as Key Food's managing agent. (Objections at 5.) However, service on an employer or at an employer's place of business, absent evidence that the employee works at that location, is insufficient to effect service of process on an employee. See Rule 4(e)(2); CPLR § 308.

Accordingly, Magistrate Judge Moses' determination that the Amended Complaint should be dismissed as to Defendant Donohue for insufficient service of process was proper.

## B. The Amended Complaint Should be Dismissed as to Defendant Key Food

Plaintiff found that Defendants Shamin Chaitram and Angel Parma were not employees of Key Food because the Amended Complaint did not contain factual allegations rendering his conclusory allegations plausible. (Report at 16, 23 n. 15.)

Plaintiff objects to Magistrate Judge Moses finding that Shamin Chaitram and Angel Parma were not employed by, paid by, supervised by, or entrusted to manage the interests of Defendant Key Food. (Objections at 8.)

At the motion to dismiss stage, the court "accepts as true all factual statements alleged in the complaint." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). "[N]aked assertions devoid of further factual enhancement" need not be accepted as true. *Iqbal*, 556 U.S. at 678 (internal citations omitted). Similarly, the court need not accept allegations that are "contradicted by other matters asserted or relied upon or incorporated by reference by a plaintiff in drafting the complaint," *Fisk v. Letterman*, 401 F. Supp. 2d 362, 368 (S.D.N.Y. 2005), nor can a plaintiff "invent factual allegations that [the plaintiff] has not pled [in the complaint]." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Plaintiff does not plausibly allege that Defendants Shamin Chaitram or Angel Parma are employees of Key Food. The Amended Complaint alleges that Chaitram and Parma are the managing agents of both 55 Fulton Market and Key Food. (*See*, e.g., Am. Compl. ¶¶ 9A, 9B, 10, 65, 98, 100.) However, the Amended Complaint does not plead any facts in support of Plaintiff's conclusory assertions. Moreover, the Amended Complaint alleges that his interactions with both Shamin Chaitram and Angel Parma took place at 55 Fulton Street, New York, New York 10038, which is neither owned nor operated by Defendant Key Food. (*See e.g.*, Am. Compl. ¶¶ 13, 14, 15, 17, 22.) As Plaintiff has failed to allege facts supporting his allegations that Chaitram and Parma are employees of Key Food, and since Plaintiff's conclusory allegations contradict factual allegations in his Amended

9

Complaint, the allegations cannot be taken as true. *Iqbal*, 556 U.S. at 678 (internal citations omitted); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010).

Plaintiff argues that Defendants were "managing agents" of Key Foods at one point, and contends that "[i]n discovery, Parma or Chaitram would admit that they still are or were previously employed by Key Food[]." (Objection at 8.) However, Plaintiff has failed to offer any facts in support of his conclusory allegations, therefore his allegations are not taken as true for the purpose of evaluating the sufficiency of the claims in the Amended Complaint. *Iqbal*, 556 U.S. at 678 (courts do not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.")

Accordingly, Magistrate Judge Moses' determination that the Amended Complaint should be dismissed as to Defendant Key Food because Plaintiff has failed to allege a viable claim against any Key Food employee was proper.

### C. Leave to Amend Should be Denied As to Defendants Donohue and Key Food

Magistrate Judge Moses found that leave to amend would be futile as to Defendants Donohue and Key Food because Plaintiff's claims are based on conduct outside the statute of limitations for defamation claims, and Plaintiff's claims do not relate to the original complaint. (Report at 10.)

Plaintiff objects to Magistrate Judge Moses' finding that his claims against Defendant Key Food do not relate back to the original complaint. (Objections at 10.)

Under Federal Rule of Civil Procedure 15(c), an amendment that adds a new party relates back to the original complaint only if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out" in the original pleading, and if, within the 90-day period provided by Rule 4(m) for service of the original pleading, "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have

known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). Additionally, an amendment that "names a new party as well as new dates" does not relate back to a prior complaint. *Pruiss v. Bosse*, 912 F. Supp. 104, 106 (S.D.N.Y. 1996). Similarly, "defamation claims do not relate back to a prior pleading where they allege new instances of defamation." *Cojocaru v. City Univ. of New York*, 2020 WL 5768723, at *4 (S.D.N.Y. Sept. 28, 2020)(quoting *Pruiss*, 913 F. Supp. at 106); *see also Kirkland v. City of Peekskill*, 634 F. Supp. 950, 952-53 (S.D.N.Y. 1986)

Plaintiff's claims against Defendants Donohue and Key Food do not relate back to the original complaint. The Amended Complaint alleges that on October 21, 2019, Donohue was copied on an email from the Key Food Social Media Administrator to Plaintiff. (Am. Compl. ¶ 9.) The Amended Complaint also alleges that Defendant Donohue "banned" Plaintiff from entering 55 Fulton Market. (*Id.* at 43.) Conversely, the original complaint focuses exclusively on the conduct of the employees of 55 Fulton Market. (Complaint at ¶ 7, 9, 10, 15.) *Kirkland v. City of Peekskill*, 634 F. Supp. 950, 952-53 (S.D.N.Y. 1986) (no relation back where new defamation claim involves a different conversation than claims in prior pleading). Moreover, there is no basis to infer that Donohue had notice of the action given that she was not named in the original action.

Plaintiff argues that his claims against Defendants Donohue and Key Food relate back to the original complaint because "Defendant Key Food was aware of [the October 2019 email] and its managing agents involvement in publishing [defamatory statements]." (Objections at 11.) However, even if Defendant Key Food had knowledge of the claims that could be asserted vicariously against it, the same cannot be said for Defendant Donohue, who was not served in the original action, and remains unserved to date. (Report at 20-21.)

Accordingly, Magistrate Judge Moses' determination that leave to amend the complaint as to Defendants Donohue and Key Food should be denied as futile was proper.

11

### III. CONCLUSION

Magistrate Judge Moses's Report is adopted. The Key Food Defendants' motion to dismiss is GRANTED, (ECF No. 42); the 55 Fulton Defendants motion to dismiss is GRANTED as to Shamin Chatrain and DENIED as to Angel Parma and 55 Fulton market, (ECF No. 39). Plaintiff's motion for leave to Amend the Complaint as to Defendants Madeline Donohue and Key Foods, (ECF No. 62), is DENIED. The Clerk of Court is directed to close the motions accordingly.[1]

Dated: March 25, 2022
   New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[1] The Clerk of Court is hereby ordered to close the motion at ECF No. 61 as determined by this memorandum decision and order.