UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

        Plaintiff,

   -against-

55 FULTON MARKET and ANGEL
PARMA,

        Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/2/22

20-CV-6835 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed during today's status conference:

1.    The parties are reminded that the Court requires paper courtesy copies of filings that include substantial attachments, with exhibit tabs. *See* Moses Ind. Prac. §§ 1(d), 2(g).

2.    Supplemental disclosures pursuant to Fed. R. Civ. P. 26(e)(1), if required, shall be served no later than **August 16, 2022**. As part of her supplemental disclosures,[1] plaintiff shall produce, in native (original electronic) format, all photographs, audio or video recordings, and other images of the grocery store operated by defendant 55 Fulton Market at 55 Fulton Street, New York, Angel Parma, or any other employees of 55 Fulton Market. If any such photograph, recording, or image was transmitted to plaintiff by another person, plaintiff must also produce, in native format, the email, text, or other communication by which she received it.

3.    Plaintiff's motion to compel defendants to answer her interrogatories (Dkt. 69 at ECF pp. 5-40) is DENIED. Plaintiff has already exceeded the 25-interrogatory limit set forth in Fed. R. Civ. P. 33(a)(1). Further, plaintiff's interrogatories go well beyond the subjects set forth in Local Civ. R. 33.3(a) and do not appear to be a more practical method of obtaining the information

---

[1] Plaintiff informed the Court during today's conference that she wishes to be addressed as Ms. Azzarmi, which the Court will do henceforth. Plaintiff also informed the Court that at the time of the events alleged in her Amended Complaint she appeared as she did today in the courtroom, wearing traditionally women's attire and using a wheelchair.

sought than a request for production or a deposition. This ruling is without prejudice to plaintiff's right to request leave to serve targeted interrogatories, if necessary, after the parties' depositions are completed.

    4.    Plaintiff's motion to compel defendants to answer her requests for admission (RFAs) (Dkt. 69 at ECF pp. 41-81) is DENIED, and defendants' motion for a protective order is GRANTED with respect to plaintiffs' RFAs. This ruling is without prejudice to plaintiff's right to serve targeted RFAs, if necessary, after the parties' depositions are completed. Plaintiff is reminded that:

        a.    The purpose of Fed. R. Civ. P. 36, governing RFAs, "is to allow for the narrowing or elimination of issues in a case. The rule is not properly speaking a discovery device, rather it is 'a procedure for obtaining admissions for the record of facts already known' by the seeker." *Dubin v. E.F. Hutton Grp. Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2253 (1970)); *see also Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003) ("Discovery pleadings are expected to elicit and expound upon the facts of the matters, whereas, the Requests for Admission essentially, and hopefully, limit the factual issues in the case.") (citations omitted).

        b.    RFAs must be "simple and direct." 2 M. Silberberg, E. Spiro & J. Mogul, *Civil Practice in the Southern District of New York* § 22:4, at 284 (2016-17 ed.); *see also Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992) (collecting cases). Litigants are not required to answer RFAs that "contain

vague and ambiguous wording that does not allow [the answering party] fairly to admit or to deny them." *Dubin*, 125 F.R.D. at 376.

5.      Plaintiff's motion to compel defendants to respond to her requests for production of documents (RFPs) (Dkt. 69 at ECF pp. 5-40) is DENIED, because each RFP seeks production of documents "related and/or concerning and/or supporting and/or proving your response to and/or any objections to and/or any and all defenses to" one of her improper interrogatories.  In the interest of efficiency, defendants shall produce, no later than **August 30, 2022**, all nonprivileged documents concerning:

a.      Plaintiff Aasir Azzarmi;

b.      Any incident within 55 Fulton Market's grocery store at 55 Fulton Street, New York, on October 20, 2019, in which defendant Parma identified or ejected a suspected shoplifter, or attempted to do so;

c.      Any incident within or near 55 Fulton Market's grocery store at 55 Fulton Street, New York, on or around May 15, 2020, in which one or more employees of 55 Fulton Market barred plaintiff from the store or attempted to do so;

d.      Any written policies, rules, or guidelines of 55 Fulton Market, in effect in October 2019 and/or May 2020, concerning persons believed or suspected to be shoplifters, including but not limited to policies, rules, or guidelines concerning whether and how to identify and confront such persons and lists, posters, or other documents identifying or describing such persons.

6.      If there are no non-privileged documents responsive to ¶¶ 5(a)-(d) (or any of them) in defendants' possession, custody, or control, defendants shall serve a written response so stating upon plaintiff no later than **August 30, 2022**.

7.      If defendants withhold otherwise responsive documents for privilege, they shall also serve a privilege log upon plaintiff, in compliance with Local Civ. R. 26.2, no later than **August 30, 2020.** Privileged documents created on or after August 21, 2020 (the date on which this action was filed) need not be logged.

8.      The deposition of plaintiff Azzarmi shall take place during **week of September 5, 2022**, on a date reasonably convenient to the parties and counsel, by videoconference.

9.      The deposition of defendant Parma shall take place thereafter, also during the **week of September 5, 2022**, on a date reasonably convenient to the parties and counsel, by videoconference.

10.     The deposition of defendant 55 Fulton Market, pursuant to Fed. R. Civ. P. 30(b)(6), shall take place during the **week of September 12, 2022**, on a date reasonably convenient to the parties and counsel, by videoconference. No later than **August 23, 2022**, plaintiff shall serve her notice of deposition of 55 Fulton Market in compliance with Rule 30(b)(6).

11.     If plaintiff no longer wishes to conduct the deposition of defendant Parma or defendant 55 Fulton Market, she shall promptly so advise defendants' counsel. If defendants no longer wish to conduct the deposition of plaintiff Azzarmi, they shall promptly so advise her.

12.     Nothing in this Order precludes the parties from conducting timely non-party discovery, including by subpoena, in compliance with Fed. R. Civ. P. 45.

13.     Plaintiff has advised the Court that she does not intend to seek damages based upon any lost employment opportunities with the current or former defendants in this action.

4

14.     All fact discovery must be completed no later than **October 7, 2022**.

15.     The parties have advised the Court that they do not intend to conduct expert discovery. Consequently, all discovery must be completed no later than **October 7, 2022**.

16.     The next status conference will take place on **October 13, 2022, at 10:00 a.m.,** in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. The parties shall submit their **joint** status update letter no later than **October 10, 2022**, outlining the progress of discovery to date, as well as any settlement efforts. If there are discovery disagreements, the parties may separately state their positions in appropriately labeled portions of the letter. For each discovery dispute, the relevant request and response must be attached to the letter. If no discovery controversies exist at that time, the parties may request that the conference be held telephonically.

17.     Except as further modified herein, all provisions of this Court's Modified Case Management Order (Dkt. 65) remain in effect.

18.     The Court having dismissed plaintiffs' claims against defendants Key Food Stores Cooperative Inc., Madeline Donahue, and Shamin Chaitram (Dkt. 63), the Clerk of Court is respectfully directed to terminate them as defendants and recaption this action as *Azzarmi v. 55 Fulton Market, et al*.

Dated: New York, New York
      August 2, 2022

                      **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**