```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/3/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AASIR AZZARMI,<br><br>                                  Plaintiff,<br><br>-against-<br><br>55 FULTON MARKET and ANGEL PARMA,<br><br>                                  Defendants. | 20-CV-6835 (GBD) (BCM)<br><br>**ORDER REQUESTING<br>PRO BONO COUNSEL** |

**Barbara Moses, United States Magistrate Judge**:

The Court respectfully directs the Clerk of Court to seek *pro bono* counsel to enter a limited appearance on behalf of plaintiff Aasir Azzarmi for the purpose of representing her in the upcoming party depositions (no more than three), which will be held by videoconference, in the above-captioned defamation action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

**LEGAL STANDARD**

The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases – unlike criminal cases – there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order

to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

## DISCUSSION

The Amended Complaint (Dkt. 34), as limited by the Court's March 25, 2022 decision and order granting in part defendants' motion to dismiss (Dkt. 63), asserts a single claim of Defamation Per Se against two defendants: 55 Fulton Market, the operator of a grocery store in Manhattan, and its employee Angel Parma. Plaintiff alleges that on October 20, 2019, while he was shopping at the store, defendant Parma falsely accused him of theft, in front of other customers and employees, and that various employees later refused to admit him to the store. Am. Compl. ¶¶ 11-15.

No depositions have yet taken place. During a status conference on August 2, 2022, the Court extended the fact discovery deadline to October 7, 2022 (*see* Dkt. 70), and plaintiff requested *pro bono* counsel for the purpose of representation during the upcoming depositions. Given the stage of the proceedings, and in order to maximize the benefit of the depositions for all parties, the Court now requests that counsel appear for the limited purpose of representing plaintiff Azzarmi during the party depositions. *Pro bono* counsel will not be obligated for any aspect of plaintiff's representation beyond the matters described in this order.

Under the Court's Standing Order regarding the Creation and Administration of the *Pro Bono* Fund (16-MC-0078), *pro bono* counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of plaintiff's case. The *Pro Bono* Fund is especially intended for attorneys for whom *pro bono* service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Upon the filing by *pro bono* counsel of a Notice of Completion, the representation by *pro bono* counsel of plaintiff in this matter will terminate, and *pro bono* counsel will have no further obligations or responsibilities to plaintiff or to the Court in this matter.

## CONCLUSION

The Clerk of Court is directed to attempt to locate *pro bono* counsel to represent plaintiff for the limited purposes described above. The Court advises plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, there is no guarantee that counsel will volunteer in time to assist with the party depositions. If an attorney volunteers, that attorney will contact plaintiff directly. Since there is no guarantee that a volunteer attorney will decide to take the case, plaintiff should be prepared to conduct the depositions without an attorney if necessary.

Dated: August 3, 2022
New York, New York

SO ORDERED.

**Barbara Moses**
**United States Magistrate Judge**