

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

        Plaintiff,

-against-

55 FULTON MARKET, et al.,

        Defendants.

20-CV-6835 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed plaintiff's August 4, 2022 motion (Mtn.) (Dkt. 72), seeking a ruling – untethered to any other pending motion or dispute – that California law applies to her defamation claim.

    The alleged defamation occurred on October 20, 2019, in New York, when plaintiff (who is a former New York resident) was in a New York grocery store where she "regularly shopped." Am. Compl. (Dkt. 34) ¶ 131. Plaintiff alleges that store manager Angel Parma (another New York resident) falsely accused her of being a known shoplifter, in front of other customers and employees (who were also New York residents), thus inflicting emotional and reputational damage upon plaintiff in New York. *See id.* ¶¶ 2-4, 8-10, 32, 42, 49-52, 55, 71-72, 80, 103, 131-32, 220-28; Acosta Decl. (Dkt. 34 at ECF pp. 52-33) ¶ 8. Plaintiff alleges that she was further injured on May 15, 2020, in New York, when she "was walking and approaching" the same grocery store, only to be told that she was barred from entry as a known shoplifter. Am. Compl. ¶¶ 22-28.

    The Amended Complaint is expressly predicated upon New York law, to which plaintiff cites throughout the pleading. *See* Am. Compl. ¶¶ 4, 8, 9A, 9B, & Prayer for Relief. Similarly, when defendants moved to dismiss the Amended Complaint, plaintiff relied on New York defamation law in her opposition papers. *See* Opp. to Key Food Mtn. to Dismiss (Dkt. 47) at 23-30; Opp. to 55 Fulton Mtn. to Dismiss (Dkt. 48) at ECF pp. 4-14. Applying New York law, the

undersigned Magistrate Judge recommended, and the District Judge agreed, that plaintiff stated a cognizable defamation claims against Parma and his employer, 55 Fulton Market. *See* Rep. & Rec. (Dkt. 61); Mem. Dec. & Order (Dkt. 63). Yet plaintiff now urges the Court to rule that, because she is presently domiciled in California, California law applies to her defamation claim. Mtn. at 1-3. The motion is frivolous.

First, plaintiff is judicially estopped from abandoning New York law after relying upon it to defeat portions of defendants' motion to dismiss. "Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him. This rule, known as judicial estoppel, generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001) (internal citations and quotation marks omitted); *see also Intellivision v. Microsoft Corp.*, 484 F. App'x 616, 619 (2d Cir. 2012) (summary order); *Morgan Art Found. Ltd. v. Brannan*, 2020 WL 469982, at *16 (S.D.N.Y. Jan. 28, 2020) (applying doctrine of judicial estoppel to prevent a party from denying "the continuing validity of the same contracts that it has affirmed – and upon which it sues" in a related proceeding).

Second, plaintiff does not explain why she prefers California law. That is, she makes no showing that California defamation law is different from New York defamation law in any relevant respect, which is fatal to her motion. *See Kinsey v. New York Times Co.*, 991 F.3d 171, 176 (2d Cir. 2021) ("Under New York choice-of-law rules, the first step in any choice of law inquiry is to determine whether there is an 'actual conflict' between the rules of the relevant jurisdictions.") (citation omitted); *Park Place Ent. Corp. v. Transcon. Ins. Co.*, 225 F. Supp. 2d 406, 408 (S.D.N.Y.

2002) ("If the party advocating a choice of law analysis fails to demonstrate an actual conflict between New York and another state's laws, no choice of law analysis need be undertaken.").

Third, under New York's choice of law rules, which apply because plaintiff chose to file this case in the Southern District of New York, *see Booking v. Gen. Star Mgmt. Co.*, 254 F.3d 414, 419 (2d Cir. 2001), New York defamation law applies where, as here, "New York is the jurisdiction with the most significant interest in the litigation." *Kinsey*, 991 F.3d at 176-78 (2d Cir. 2021) (applying New York law to defamation claims by an out-of-state plaintiff against the New York *Times* because, among other things, "the Times is domiciled in New York and the alleged defamatory statement emanated from New York"); *see also Test Masters Educ. Servs., Inc. v. NYP Holdings, Inc.*, 2007 WL 4820968, at *4-5 (S.D.N.Y. Sept. 18, 2007) (applying New York law to defamation claims by a Texas test-preparation company against the New York *Post* because, among other things, the allegedly defamatory article "emanated from New York," and "[t]he primary incident described in the article relates to an LSAT preparation course that was held at Hunter College in New York").

For these reasons, plaintiff's motion is DENIED.

Dated: New York, New York
      August 9, 2022                    **SO ORDERED**.

                                              **BARBARA MOSES**
                                              **United States Magistrate Judge**