```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────
 AASIR AZZARMI,

                      Plaintiff,            20-CV-6835 (GBD) (BCM)

         -against-                           ORDER

 55 FULTON MARKET, et al.,

                      Defendants.
─────────────────────────────────────────
```

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed the parties' competing letter-motions regarding discovery (Dkts. 74, 76, and 77). The motions are GRANTED IN PART AND DENIED IN PART as follows:

    1.    <u>Witness Disclosures</u>

Both sides shall supplement their Rule 26(a)(1)(A)(i) witness disclosures.

    a.    In her Amended Complaint (Amend. Compl.) (Dkt. 34),[1] plaintiff alleges that on October 20, 2019, while she was shopping in a grocery store owned by defendant 55 Fulton Market, defendant Angel Parma, a store manager, loudly accused plaintiff of being a known shoplifter, in front of other shoppers and employees. Amend. Compl. ¶¶ 2-4, 8-10, 32, 42, 49-52, 55, 71-72, 80, 103, 131-32, 220-28. Thereafter, plaintiff alleges, she discussed the incident with at least two other store managers, Jin Kim and Sharmin Chaitram, and a friend of plaintiff's discussed it with Parma, who admitted to the friend that he had mistaken plaintiff for someone else. *Id*. ¶¶ 5, 9, 18, 26, 29, 36-37, 56-57, 62-63, 66, 97-100, 108, 215; *see also* Acosta Decl. (Dkt. 34, ECF pages 52-55) ¶ 10.

---

[1] Plaintiff informed the Court during an in-person conference on August 2, 2022 that she wishes to be addressed as Ms. Azzarmi. Plaintiff also informed the Court that at the time of the events alleged in her Amended Complaint she appeared as she did on August 2, 2022, in the courtroom; that is, wearing traditionally women's attire and using a wheelchair.

      b.      Defendants have taken the position from the earliest days of this action that plaintiff's alleged encounters with Parma, Kim, and Chaitram simply did not happen. *See*, *e.g.*, Tr. of Feb. 25, 2021 Telephonic Conf. (Dkt. 30) at 10:20-11:11. Consequently, plaintiff has not been prejudiced by defendants' failure to expressly assert, in their Rule 26(a)(1)(A)(i) disclosures, that Parma, Kim, and Chaitram "are not aware of any incident occurring [on October 20, 2019] and have no recollection of plaintiff's presence in the store at any time." Def. Ltr. dated Aug. 12, 2022 (Dkt. 76) at 1. Nonetheless, pursuant to Rule 26(e)(1)(B), defendants are directed to promptly supplement their disclosures to identify, in writing, the "subjects" of the discoverable information known by those witnesses.

      b.      The Court notes that plaintiff has also failed to state, in her Rule 26(a)(1)(A)(i) disclosures, the subject(s) of the discoverable information known to the witnesses she has listed (including but not limited to Parma, Kim, and Chaitram). Consequently, plaintiff is directed to promptly supplement her disclosures to identify, in writing, the "subjects" of the discoverable information known by those witnesses.

      c.      The Court further notes that *no* witnesses (not even plaintiff herself) are listed in plaintiff's most recent supplemental disclosures, dated August 9, 2022. Plaintiff is cautioned that testimony (written or oral) from witnesses who are not disclosed in accordance with Rule 26(a)(1)(A)(ii) may be precluded. *See* Rule 37(c)(1); *Robinson v. New York City Transit Auth.*, 2020 WL 3619034, at *4 (S.D.N.Y. July 2, 2020).

    2.    <u>Jin Kim Deposition</u>

Defendants are under no obligation to produce a non-party former employee for deposition. If plaintiff wishes to take the deposition of Kim, she must serve the witness with a subpoena (plus the fees for one day's attendance and the mileage allowed by law) in accordance with Rule 45(b).

3. <u>Angel Parma Deposition</u>

Plaintiff may take the deposition of defendant Parma beginning at **12:00 noon**, New York time, on **September 7, 2022**, as scheduled. It is plaintiff's responsibility to provide a certified Spanish/English interpreter for the Parma deposition. Plaintiff shall confirm the identity and contact information of the interpreter no later than the 12:00 noon the day before the deposition.

a. It is the responsibility of the party taking a deposition to provide a certified interpreter when one is needed. *See, e.g., Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, 2017 WL 2840279, at *6 (S.D.N.Y. June 27, 2017). Should defendants call Parma as their witness at trial, it will be their responsibility to provide a certified Spanish/English interpreter at that time.

b. The Court has no reason to doubt defendants' representation that Parma's primary language is Spanish. The Court notes that in ¶ 1 of her supplemental disclosures, plaintiff describes evidence in the form of a video showing Parma speaking Spanish "in the course and scope of his employment with 55 Fulton[.]"

c. For avoidance of doubt: at deposition, as at trial, the examining party must pose the questions in English, which will be translated into Spanish by the interpreter for the benefit of the witness. Similarly, answers given in Spanish will be translated into English by the interpreter. The transcript produced by the court reporter will be in English.

4. <u>Plaintiff's Deposition</u>

Unless the parties have agreed to a different date and time, plaintiff shall appear for her video deposition on **September 6, 2022**, at **12:00 noon**, New York time. Since plaintiff has conducted every phase of this case in fluent English, she has no basis for requesting an interpreter. Plaintiff will testify in English.

5.  Production of Photographs Etc.

Plaintiff is reminded that, in accordance with ¶ 2 of this Court's Order dated August 2, 2022 (Dkt. 70), she must produce, in native format, as part of her supplemental disclosures, "all photographs, audio or video recordings, and other images of the grocery store operated by defendant 55 Fulton Market at 55 Fulton Street, New York, Angel Parma, or any other employees of 55 Fulton Market. If any such photograph, recording, or image was transmitted to plaintiff by another person, plaintiff must also produce, in native format, the email, text, or other communication by which she received it." The items to be produced include (but are not necessarily limited to) those listed in ¶¶ B(4)-B(6) of plaintiff's initial disclosures dated February 25, 2021 and ¶¶ 1-4 of her supplemental disclosures. Plaintiff must comply with this Court's August 2 Order regardless of whether the photographs, audio or video recordings, or other images are intended for use as part of plaintiff's case in chief or for impeachment.

6.  Production of Other Documents and Things Pursuant to Rule 26(a)(1)(A)(ii)

Plaintiff must also produce (not merely list) the items described in ¶ B(3) of her initial disclosures, ¶ 7 of her updated initial disclosures dated July 4, 2021, and ¶ 5 of her supplemental disclosures, and must provide the *complete* address, including apartment number, for all witnesses listed in her disclosures. Plaintiff is cautioned that evidence that is not produced in accordance with Rule 26(a)(1)(A)(ii), or as required by court order, may be precluded, along with related testimony.

7.  Current Contact Information

It has come to the Court's attention that the phone number listed on the docket for plaintiff Azzarmi is not in service and that emails sent to Azzarmi in connection with this Court's Order Requesting Pro Bono Counsel (Dkt. 71) have gone unanswered. The parties must be reachable.

Plaintiff is directed to update her contact information with a current phone number, a current mailing address, and a current email address.

All relief not expressly granted herein is DENIED.

Dated: New York, New York
August 17, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**