

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/25/22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

          Plaintiff,

-against-

55 FULTON MARKET, et al.,

          Defendants.

20-CV-6835 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The Court has received and reviewed plaintiff Azzarmi's latest letter-motion, dated August 21, 2022 (Pl. Mtn.) (Dkt. 80), in which plaintiff complains that defendants never produced a list of the employees working at the Key Food grocery store at 55 Fulton Street in Manhattan on October 20, 2019 – the day on which defendants allegedly slandered plaintiff in that store – as directed by this Court in an Order dated May 3, 2021 (Dkt. 22), "causing Plaintiff to be prejudiced in moving forward with discovery." Mtn. at ECF p. 2. In their responding letter, dated August 24, 2022 (Def. Ltr.) (Dkt. 81), defendants state that they produced the October 20, 2019 list on April 21, 2021 (a week before this Court directed them to do so), and attach counsel's cover email, as well as the list itself. Def. Ltr. at 2; *id*. Ex. D.

    Plaintiff's motion is DENIED. *First*, it does not comply with Local Civ. R. 37.1 or Moses Ind. Prac. § 2(b), in that there is no certification that plaintiff met and conferred with defendants in good faith concerning the alleged failure to produce before seeking judicial intervention. *Second*, it appears that plaintiff proceeded in *bad* faith, in that plaintiff raised the issue on August 20, 2022, and expressly demanded an answer by August 24 or 25, 2022 (Def. Ltr. Ex. C),[1] but then

---

[1] Plaintiff's August 20, 2022 email is internally inconsistent. One sentence states, "If you decide or refuse or fail to respond to this email by August 25, 2022, then I will [be] filing my Motion to Compel[.]" The next sentence states, "I am giving you until August 24, 2022 to respond to this email and to resolve this issue in good faith before seeking Court relief." Def. Ltr. Ex. C.

filed the present motion the next day, without waiting for defendants' answer. *Third*, the October 20, 2019 employee list has been produced. Def. Ltr. Ex. D.

In their responding letter, defendants also complain that plaintiff has not complied with this Court's August 17, 2022 Order (Aug. 17 Order) (Dkt. 78), which directed both parties to "promptly" supplement their Rule 26(a)(1)(A) disclosures (defendants have already done so), reminded plaintiff to produce various documents as previously directed in this Court's August 2, 2022 Order (Aug. 2 Order) (Dkt. 70) and directed plaintiff to file updated contact information with the Court. *See* Aug. 17 Order ¶¶ 1(b)-(c), 5-7; Aug. 2 Order ¶ 2. Defendants further note that in an August 17, 2022 email, plaintiff claimed the right to take defendant Angel Parma's deposition (scheduled by the Court for September 7, 2022) "as the 30(b)(6) deponent only," while reserving "the right to take . . . Parma's deposition as a Defendant in the future." Def. Ltr. Ex. B. However, during the last conference in this action, on August 2, 2022, the parties discussed scheduling a single deposition of defendant Parma, for all purposes, which is what the Court ordered. *See* Aug. 2 Order ¶ 9; Aug. 17 Order ¶ 3.

It has become apparent to this Court that the parties are unlikely to complete fact discovery within the present schedule without closer judicial supervision.

Consequently, it is hereby ORDERED that the parties shall appear for a discovery conference on **August 29, 2022**, at **11:30 a.m.**, via videoconference. The Court will email the video link to the parties before the conference commences. At the conference, the parties must be prepared to discuss ***all remaining written discovery issues***. If plaintiff has failed by that date to comply with this Court's August 2 and August 17 Orders, sanctions may be imposed. The parties must also be prepared to discuss any remaining issues involving the scheduling, scope, or logistics of the upcoming depositions, and to provide the Court – and other another – with the names and

contact information of the court reporters, interpreters, and other personnel who will assist them in conducting those depositions. Plaintiff's attention is drawn to Rule 30(g)(1), which provides for monetary sanctions if the party noticing a deposition fails to "attend and proceed with the deposition," and Rule 37(d), which provides for sanctions in the event a party fails to appear for his or her own deposition.

If plaintiff has retained counsel prior to the August 29, 2022 conference, counsel shall appear and attend. However, *the appearance of counsel will not excuse plaintiff Azzarmi's personal appearance (by video) at the August 29 conference*.

Dated: New York, New York
August 25, 2022

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**