UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  8/30/22
```

| | |
|---|---|
| AASIR AZZARMI, | |
| Plaintiff, | 20-CV-6835 (GBD) (BCM) |
| -against- | **ORDER** |
| 55 FULTON MARKET, et al., | |
| Defendants. | |

**BARBARA MOSES, United States Magistrate Judge.**

For the reasons discussed on the record during yesterday's conference:

1. <u>Photographs and Recordings</u>. Plaintiff's deadline for complying with paragraph 2 of the Order dated August 2, 2022 (Aug. 2 Order) (Dkt. 70) and paragraph 5 of the Order dated August 17, 2022 (Aug. 17 Order) is now **September 2, 2022**.[1] If plaintiff no longer possesses the evidence in native (original electronic) format, she shall produce the ***earliest*** version she possesses. Plaintiff is reminded that, pursuant to Fed. R. Civ. P. 37(e), a party's failure to preserve electronically stored information that "should have been preserved in the anticipation or conduct of litigation" may result in significant sanctions, as set forth in Fed. R. Civ. P. 37(a)(1) and (3)(2).

2. <u>Telephone Number of Nonparty Witness</u>. Defendant's counsel shall provide the current or last known telephone number for Shamin Chaitram to plaintiff's limited-scope *pro bono* counsel, on an attorneys-eyes-only basis, so that counsel can assist plaintiff in arranging Ms. Chaitram's deposition. Plaintiff is reminded, that pursuant to Fed. R. Civ. P. 30(b), she must serve

---

[1] Plaintiff is required to produce, in native (original electronic) format, "all photographs, audio or video recordings, and other images of the grocery store operated by defendant 55 Fulton Market at 55 Fulton Street, New York, Angel Parma, or any other employees of 55 Fulton Market. If any such photograph, recording, or image was transmitted to plaintiff by another person, plaintiff must also produce, in native format, the email, text, or other communication by which she received it." Aug. 2 Order ¶ 2. Further, as discussed during the conference, plaintiff "must comply with this Court's August 2 Order regardless of whether the photographs, audio or video recordings, or other images are intended for use as part of plaintiff's case in chief or for impeachment." Aug. 17 Order ¶ 5.

a notice of deposition upon all other parties prior to taking the deposition of any (party or non-party) witness. If a subpoena *duces tecum* is served on the witness, that subpoena "must be served on each party," together with the deposition notice, "*before* it is served on the person to whom it is directed." Fed. R. Civ. P. 45(a)(4) (emphasis added).

3.      <u>Deposition Logistics</u>. No later than **August 30, 2022**, counsel for defendants and limited-scope counsel for plaintiff shall exchange, in writing, the names and contact information of the court reporters, interpreters, and other non-attorney personnel, if any, engaged for purposes of the Azzarmi and Parma depositions, which are scheduled for September 6 and 7, 2022, respectively. They shall also confirm the method of examination for each (*e.g.*, Zoom or in person) and the address (physical or virtual) where the deposition will be held.

4.      <u>Motion to Compel</u>. Plaintiff's motion to compel defendants to provide the "job title" of each employee listed on the October 20, 2019 personnel list (Dkt. 81-4), or to identify which of them speak Spanish, or supply their personal contact information (*see* Dkt. 84, at 2) is DENIED.

5.      <u>Motion to Strike</u>. Plaintiff's motion to strike the filing at Dkt. 82 pursuant to Fed. R. Civ. P. 12(f),[2] or to issue a protective order to prevent any further discussion of plaintiff's "transgender and/or disability status" (*see* Dkt. 84 at 2-5), is DENIED. Rule 12(f) only applies to "pleadings." Further, as discussed during the conference, plaintiff's appearance, dress, and means

_____

[2] Dkt. 82 is a letter from defendants' counsel, dated August 25, 2022, attaching an image of an Intelligence Bulletin from the Port Authority of New York and New Jersey Police Department (PAPD), dated January 21, 2022, which states that plaintiff (known as Aasir Aayan Azzarmi and as Nicolas Arturo Pimentel) is wanted by the PAPD "for Grand Larceny, Criminal Impersonation, and Theft of Service." (Dkt. 82 at 3.) The bulletin bears what appears to be a photograph of plaintiff and refers to plaintiff using male pronouns, as does the Amended Complaint in this action and its attached declarations, all filed by plaintiff in this action. Counsel's cover letter states that he spoke to PAPD Detective Tysowski, whose name is on the bulletin, and who in turn stated that he spoke to plaintiff in August 2021, at which point plaintiff "was dressed like a man and walked on his own without the use of a wheelchair." (*Id*. at 2.)

of locomotion at the time of the events alleged in the Amended Complaint (and thereafter, since plaintiff now contends that she has presented "as a transgender woman for years," *see* Dkt. 84 at 5) is relevant to the parties' claims and defenses and may be explored at deposition and otherwise.

6.    <u>Motion to Disqualify</u>. Plaintiff's motion to disqualify opposing counsel or take his deposition (Dkt. 86) is DENIED. A lawyer does not become a witness by speaking to potential witnesses.

7.    <u>Motion to Amend</u>. Plaintiff's motion to further amend or supplement her complaint (Dkt. 86) is DENIED. Although the motion did not specify the nature of the proposed amendment, plaintiff clarified during the conference that she wishes to add a new defendant, identified as attorney Ira Rosenstein of the firm Morgan, Lewis & Bockius, because plaintiff suspects that it was Rosenstein who alerted defendants' counsel to the bulletin now appearing at Dkt. 82, and contends that doing so constitutes defamation.[3] Assuming, arguendo, that plaintiff could state a claim against Rosenstein on these facts, there is no reason for that claim to be a part of this action. "[C]ourts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case." *Amusement Indus., Inc. v. Stern*, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 11, 2014*); see also Girard v. Collao*, 2022 WL 409098, at *3 (S.D.N.Y. Feb. 9, 2022) ("[I]f

---

[3] Rosenstein represented Delta Air Lines, plaintiff's former employer, in two cases that plaintiff brought against Delta in the Eastern District of New York under the name Nicholas Pimentel: *Pimentel v. Delta Air Lines, Inc.*, No. 17-CV-5317 (AMD) (JO) (E.D.N.Y.), and *Pimentel v. Delta Air Lines, Inc.*, No. 18-CV-2999 (AMD) (JO) (E.D.N.Y.). While those cases were pending, plaintiff sued Rosenstein and others in a separate action, alleging that Rosenstein made "false criminal accusations" about plaintiff to (among others) plaintiff's attorney. *See* Amended Amended Complaint [sic], *Pimentel v. Schwenker, et al.*, No. 19-CV-1118 (AMD) (JO) (E.D.N.Y. March 28, 2019), at ECF p. 14 ¶ 8. On July 16, 2019, Judge Donnelly dismissed both *Pimentel v. Delta* cases for failure to comply with court orders and for using abusive language toward the assigned judges, and on July 31, 2019, she dismissed *Pimentel v. Schwenker* for the same reasons. *See Pimentel v. Delta Air Lines, Inc.*, 818 F. App'x 100, 101 (2d Cir. 2020) (affirming dismissals).

the new events did not arise 'out of the same conduct or occurrence as those in the original pleading,' leave to supplement a complaint will be properly denied.") (quoting *Klos v. Haskell*, 835 F. Supp. 710, 716 (W.D.N.Y. 1993)); *McLean v. Scully*, 1991 WL 274327, at *1 (S.D.N.Y. Dec. 9, 1991) (under Rule 15(d), the proposed supplemental pleading must be "adequately related to the originally stated claims"). Further, the injection of an entirely new charge of defamation, by a different defendant, years after the events alleged in the Amended Complaint, would unreasonably prejudice the existing defendants and does not constitute good cause for modifying the pretrial schedule, as would be required if the amendment were permitted. *See* Fed. R. Civ. P. 16(b)(4) (pretrial schedule may be modified "for good cause").

8.      <u>Civility</u>.  In her motion to strike, plaintiff insults defendants' counsel in personal terms, calling him and Det. Tysowski "UNMITIGATED, INTRACTABLE LIARS." (Dkt. 84 at 5.)  Additionally, plaintiff repeatedly refers to Det. Tysowski (whom she says she has never met) as a "pig cop." *Id*. Plaintiff is cautioned, again, to "refrain from name-calling and other *ad hominem* attacks on opposing counsel" or on potential witnesses. *See* Order dated May 14, 2021 (Dkt 28), at 2. *Pro se* parties, like attorneys, are expected to approach discovery cooperatively and deal courteously with their adversaries. *See Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011) (summary order) ("Courts can adjudicate disputes only when the parties present reasoned arguments rather than invective-laden diatribes."). Plaintiff is reminded that abusive and insulting language can lead to significant sanctions. *See Pimentel*, 818 F. App'x at 101; *Koehl*, 424 F. App'x at 62 (upholding dismissal of *pro se* complaint "for repeatedly filing documents with the court that contained derogatory and offensive statements regarding the presiding magistrate judge and opposing counsel").

Dated:  New York, New York
        August 30, 2022                    **SO ORDERED**.

                                           **BARBARA MOSES**
                                           **United States Magistrate Judge**