

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

         Plaintiff,

-against-

55 FULTON MARKET, et al.,

         Defendants.

20-CV-6835 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed plaintiff Aasir Azzarmi's overlength letter-motion dated September 1, 2022 (Pl. Mtn.) (Dkt. 88)[1] and defendants' responding letter, also dated September 1, 2022 (Def. Ltr.) (Dkt. 89.)

    1.    <u>Documents regarding Plaintiff and/or Shoplifting</u>. Insofar as plaintiff seeks to compel defendants to produce the documents described in ¶ 5 of this Court's Order dated August 2, 2022 (Aug. 2 Order) (Dkt. 70), the motion is DENIED because: (i) plaintiff failed to comply with Fed. R. Civ. P. 37(a)(1), Local Civ. R. 37.2, or § 2(b) of this Court's individual practices,[2] and (ii) plaintiff's unsupported speculation that responsive documents exist is an insufficient basis for the relief she seeks.[3] Plaintiff may, of course, explore the issue at defendants' depositions.

    2.    <u>Documents regarding Video Surveillance</u>. Insofar as plaintiff seeks to compel the production of "documents regarding any type of video camera system and how this ESI is stored,

---

[1] *See* Moses Ind. Prac. § 1(d) (letter-motions limited to four pages absent advance permission).

[2] The Court has explained these provisions to plaintiff at length. *See*, *e.g.*, Order dated May 3, 2021 (Dkt. 22) at 5-8 (denying plaintiff's motion to compel discovery because, *inter alia*, she failed to meet and confer in good faith with defendants before seeking an order to compel discovery and sanctions).

[3] Plaintiff already possesses the October 21, 2019 email from former defendant Key Food Stores Co-operative Inc., which she attached to her current pleading. *See* Am. Compl. (Dkt. 34) at ECF p. 50. Further, the face of that email bears no indication that it was sent to either current defendant.

processed, deleted or retained . . . before [the] 30(b)(6) deposition," Pl. Ltr. at ECF pp. 1-2, the motion is DENIED because (i) plaintiff failed to comply with Fed. R. Civ. P. 37(a)(1), Local Civ. R. 37.2, or § 2(b) of this Court's individual practices, (ii) the motion was made too late, *see* Case Management Order (Dkt. 20) ¶ 5, and (iii) plaintiff makes no showing that she ever asked for video surveillance-related documents pursuant to Fed. R. Civ. P. 34.[4] A party may not initiate a discovery request by making a motion to compel. Again, plaintiff is free to inquire about this issue during defendants' depositions.

3. <u>Reconsideration of Prior Discovery Rulings</u>. Insofar as portions of plaintiff's letter-motion may be construed as seeking reconsideration of this Court's discovery rulings from the bench on August 29, 2022 and/or in its Order dated August 30, 2022 (Aug. 30 Order) (Dkt. 87), the motion is DENIED because: (i) plaintiff has failed to identify any matters or controlling decisions that were before the Court on the original motion but overlooked, *see* Local Civ. R. 6.3, or otherwise meet the "strict" standards for reconsideration, *see Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012),[5] and (ii) as previously explained to plaintiff by this Court, at length, her appearance, dress, and means of locomotion at the time of the events alleged in the Amended Complaint are relevant to the parties' claims and defenses and may be explored at deposition and otherwise. To the extent plaintiff has made

---

[4] Plaintiff filed this action on August 21, 2020, ten months after the alleged incident on October 20, 2019. In her initial set of interrogatories, dated March 10, 2021, plaintiff asked whether "Def. Key Foods" possessed, preserved, or could produce video surveillance tapes from the grocery store at 55 Fulton Street "from 10/19/2019 through 08/20/2020 when the incidents that gave rise to these Defamation claims occurred?" *See* Dkt. 21 at ECF pp. 51-53. In response, on April 6, 2021, defendant asserted "that it has not retained any video surveillance tapes from October 2019 to August 2020." *See id.* at ECF p. 35. Plaintiff makes no showing that she ever followed up that response by seeking video surveillance-related documents pursuant to Rule 34.

[5] A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]" *Analytical Survs.*, 684 F.3d at 52 (internal quotation marks and citations omitted).

statements inconsistent with her recent assertion that at the time of the events alleged in her Amended Complaint she appeared as she did in the courtroom on August 2, 2022 (wearing traditionally women's attire and using a wheelchair), she may be questioned about those statements as well.

4. <u>Fifth Amendment/Protective Order</u>. Insofar as portions of plaintiff's letter-motion may be construed as seeking a protective order permitting plaintiff to invoke her Fifth Amendment privilege against self-incrimination "heavily" at her upcoming deposition, *see* Pl. Ltr. at 3, and/or a *limine* motion to prevent the trial judge from giving the jury an adverse inference instruction should she do so, *see id.* at 4, it is DENIED as an improper request for an advance ruling on questions that are not ripe. The Court notes, however, that a witness, including a party witness, may invoke the Fifth Amendment to decline to answer a deposition question only when she "has reasonable cause to apprehend that answering the question will provide the government with evidence to fuel a criminal prosecution." *OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 262 F. Supp. 2d 302, 306 (S.D.N.Y. 2003). The witness claiming the privilege has the burden of demonstrating that she is "confronted by substantial and 'real,' and not merely trifling or imaginary, hazards of incrimination." *United States v. Apfelbaum*, 445 U.S. 115, 128 (1980). The Court further notes that plaintiff has made repeated and extensive statements, in this action, about her gender identity and disability status, including in the September 1 letter-motion itself and the detailed declaration attached to the letter-motion. *See* Pl. Ltr. at ECF pp. 4-25. She has also made repeated and extensive statements, including during the August 2 and 29 conferences, about the "photographs, audio or video recordings, and other images of the grocery store operated by defendant 55 Fulton Market at 55 Fulton Street, New York, Angel Parma, or any other employees of 55 Fulton Market," that she has been ordered to produce (*see* Aug. 2 Order ¶ 2, Aug. 30 Order ¶ 1) and asserts that she

has in fact produced. *See* Pl. Ltr. at ECF p. 3. "It is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details." *Mitchell v. United States*, 526 U.S. 314, 321 (1999). This rule is necessary to prevent parties or witnesses from "us[ing] the Fifth Amendment as both a shield and a sword, answering some questions related to a particular topic in a given proceeding and avoiding others, as dictated by whim or self-interest." *OSRecovery*, 262 F. Supp. 2d at 307.[6]

5.  <u>Abusive Language/Delta Air Lines</u>. Plaintiff is warned, yet again, to avoid abusive and inflammatory language concerning the judiciary. *See* Pl. Ltr. at ECF p. 3 (asserting that plaintiff's former employer Delta Air Lines, Inc. (Delta) and its lawyers "had their paid, corrupt judges dismiss Plaintiff's case against Delta"). Plaintiff's diatribe against Delta and its counsel is particularly concerning given that, as plaintiff *correctly* states, "This is the wrong venue and wrong case" for litigating – or relitigating – her grievances against her former employer. *Id*. at ECF p. 4. In the present case, which has nothing to do with Delta, plaintiff alleges that grocery store manager Angel Parma defamed her by falsely accusing her of shoplifting, in front of other customers, on October 20, 2019, and that she was later denied entrance to the same store based on the same false accusation. Insofar as the Court can determine, plaintiff is the only party attempting to use this simple and straightforward case as a vehicle to reenergize her feud with Delta.[7]

---

[6] It is irrelevant, for purposes of the waiver doctrine, whether the party's voluntary testimony was actually incriminatory. *See Brown v. United States*, 356 U.S. 148, 156 (1958) (rejecting Brown's argument that she was entitled to invoke the privilege on cross-examination because she had not actually incriminated herself on direct and upholding her resulting criminal contempt conviction, because giving a witness "immunity from cross-examination on the matters he has himself put in dispute" would make of the Fifth Amendment "a positive invitation to mutilate the truth a party offers to tell").

[7] *See, e.g.*, Def. Ltr. Ex. 1 (Dkt. 89-1) (plaintiff's newly-served and vastly expanded Third Amended Initial Disclosures, listing 38 "witnesses or individuals plaintiff believes to have

      6.      <u>Telephone Numbers of Nonparty Witnesses</u>. Insofar as defendants' letter-motion seeks an order compelling plaintiff to provide telephone numbers for nonparty witnesses Stephanie Acosta and Teresa Sorrento, the motion is DENIED because the Court considered the same request, and declined to issue the requested order, during the August 29, 2022 conference, after plaintiff equivocated as to whether she knew these witnesses' current telephone numbers. Defendants have failed to meet the strict standards for reconsideration of that ruling. They may, of course, explore the issue at plaintiff's deposition, at which point she will be under oath.

Dated: New York, New York  
       September 2, 2022                    **SO ORDERED**.

                                                    **BARBARA MOSES**  
                                                    **United States Magistrate Judge**

---

knowledge of the facts concerning the claims at issue," including "Delta Air Lines, Inc." and numerous present or former Delta employees, contractors, consultants, and/or attorneys). The only potential witnesses identified by defendants are the individuals who, according to plaintiff, were in the grocery store when the allegedly defamatory statements were made on October 20, 2019.