```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/7/22
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

          Plaintiff,

-against-

55 FULTON MARKET, et al.,

          Defendants.

20-CV-6835 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    Discovery, which closes today (*see* Dkt. 70 ¶ 14), has been extraordinarily contentious. Now before the Court are two discovery letter-motions, both filed by plaintiff Aasir Azzarmi, who had the assistance of limited-scope *pro bono* counsel in connection with the party depositions but is otherwise proceeding *pro se*. Additional motions are likely. This Order addresses both.

## The Pending Motions

    On September 8, 2022, plaintiff filed an overlength letter-motion (Sept. 8 Letter-Mtn.) (Dkt. 93) complaining about the responses served by former defendant Key Food Stores Co-opertive, Inc. (Key Food Stores), in May 2021, to plaintiff's first and second sets of requests for admission (RFAs). Plaintiff seeks an order establishing that various facts are "automatically admitted," or directing the current defendants to further respond to her RFAs, because, in plaintiff's view, Key Food Store's objections were insufficiently specific or otherwise inadequate. For the reasons set forth below, plaintiff's September 8 letter-motion will be denied.

    On September 23, 2022, plaintiff filed another overlength letter-motion (Sept. 23 Letter-Mtn.) (Dkt. 97) complaining (a) that defendant 55 Fulton Market's corporate representative (and individual defendant) Angel Palma was unprepared to testify on behalf of the corporation as required by Fed. R. Civ. P. 30(b)(6); (b) that defendants' counsel made improper speaking objections and otherwise obstructed the Palma deposition; (c) that 55 Fulton Market failed to

preserve video evidence from October 20, 2019, when Palma allegedly slandered plaintiff on the lower level of 55 Fulton Market's grocery store (at 55 Fulton Street) by calling her a known shoplifter in front other customers and employees; and (d) that Shamin Chaitram, a store employee who was absent on October 20 but with whom plaintiff allegedly discussed the incident the next day, is "a managing agent of 55 Fulton Market" rather than a third-party witness. Plaintiff also claims, relying on a declaration signed in the name of Erika L. Lee (Dkt. 97 at ECF pp. 18-19), that Chaitram lied at her deposition about her lack of memory concerning the events of October 2019 and was coached to do so by defendants' counsel. Plaintiff seeks an order compelling 55 Fulton Market to re-produce Palma for additional Rule 30(b)(6) testimony; imposing spoliation sanctions for the failure to preserve video evidence; and compelling 55 Fulton Market to "produce its manager, Shamin Chaitram, for a [second] deposition." Sept. 23 Letter-Mtn. at ECF p. 5.

For the reasons set forth below, plaintiff's September 23 letter-motion will be denied in part (as to the video evidence and plaintiff's request to re-depose Chaitram as a "managing agent" of 55 Fulton Market) and otherwise granted *to the extent that* the Court will set a briefing and hearing schedule with respect to the remaining issues raised therein.

## **Plaintiff's September 8 Letter-Motion is Denied**

The September 8 letter-motion is DENIED for three reasons, each of which would independently support that result. *First*, the motion was filed only 29 days before the close of fact discovery and complains about RFA responses served *sixteen months earlier*, on May 4 and May 11, 2021. *See* Sept. 8 Letter-Mtn. at ECF p. 17 (response to plaintiff's first set of RFAs, dated May 4, 2021); *id*. at ECF p. 22 (response to plaintiff's second set of RFAs, dated May 11, 2021). The motion is therefore untimely. *See* Case Management Order dated April 22, 2021 (Dkt. 20) ¶ 5 ("Discovery applications, including letter-motions requesting discovery conferences, must be

made promptly after the need for such an application arises[.] . . . Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely."); Modified Case Management Order dated April 6, 2022 (Dkt. 65) ¶ 4 (same). Plaintiff is well aware of these requirements, having seen at least one prior discovery motion denied for the same reason.[1]

*Second*, the RFAs in question were addressed to and answered by "defendant Key Foods," which is no longer a party to this action. All of plaintiff's claims against defendant Key Food Stores were dismissed on March 25, 2022. (Dkt. 63.) Plaintiff is well aware of this issue, having previously brought it to the Court's attention in connection with her request to be permitted to serve additional RFAs on the remaining defendants.[2]

*Third*, there is no indication in the September 8 letter-motion that plaintiff ever raised the supposed deficiencies in the RFA responses with counsel for *any* of the (present or former) defendants – much less met and conferred in good faith, as required by Fed. R. Civ. P. 37(a)(1), Local Civil Rule 37.2, and § 2(b) of my Individual Practices – before filing the motion. *See also* Case Management Order ¶ 5 ("Discovery applications, including letter-motions requesting discovery conferences . . . must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices."); Modified Case Management Order ¶ 4 (same). Again, plaintiff is well

---

[1] *See* Order dated September 2, 2022 (Sept. 2 Order) (Dkt. 90) ¶ 2 (denying plaintiff's September 1, 2022 letter-motion to compel and for sanctions (Sept. 1 Letter-Mtn.) (Dkt. 88) because, among other things, "the motion was made too late").

[2] In a document entitled "Joint Status Letter," which was filed by Azzarmi without defendants' consent on July 25, 2022, plaintiff noted that she had recently served additional RFAs on the current defendants and argued that she was justified in doing so because "Plaintiff's previous interrogatories & Requests for Admissions were on Key Foods, a different party who was subsequently dismissed from this case, so they did not count." Joint Status Ltr. (Dkt. 68) at ECF p. 3.

3

aware of these requirements, having seen at least three prior discovery motion denied for the same reason.[3]

### Plaintiff's September 23 Letter-Motion is Denied in Part

Insofar as plaintiff's newest letter-motion seeks "spoliation sanctions" for defendant 55 Fulton Market's failure to preserve the video surveillance tapes that might have shown the alleged defamatory statements being made, *see* Sept. 23 Letter-Mtn. at ECF p. 4, it is DENIED. *First*, the motion is untimely. Plaintiff has known for *seventeen months* – since she received responses to her initial set of interrogatories on April 6, 2021 – that the surveillance tapes were not retained. *See* Pl. Mtn. to Compel, dated April 27, 2021 (Dkt. 21), at ECF p. 35 ("defendant asserts that it has not retained any video surveillance tapes from October 2019 to August 2020.") Indeed, plaintiff highlighted the issue in her *first* motion to compel discovery and for sanctions, expressly advising that she would "later" file "a motion . . . for evidentiary/preclusion sanctions." *Id*. at ECF page 29.  Plaintiff was thus well aware of her rights but sat on them for more than a year and a half, finally making the motion a scant two weeks before the close of discovery. That was too late. *See* Case Management Order ¶ 5; Modified Case Management Order ¶ 4.

---

[3] In a Memorandum and Order dated May 3, 2021 (May 3 Order) (Dkt. 22), the Court explained the importance of the good faith meet-and-confer rules in detail, *see* May 3 Order at 5-6; stressed that *pro se* litigants are not exempt from those rules, *id*. at 6-8; and denied plaintiff's April 27, 2021 motion to compel discovery and for sanctions (Dkt. 21) for failure to comply with Rule 37(a)(1), Local Civil Rule 37.2, and my Individual Practices. *Id*. at 8. More recently in an Order dated August 25, 2022 (Aug. 25 Order) (Dkt. 83), the Court denied plaintiff's August 21, 2022 letter-motion to compel discovery (Dkt. 80) because, among other things, "it does not comply with Local Civ. R. 37.1 or Moses Ind. Prac. § 2(b), in that there is no certification that plaintiff met and conferred with defendants in good faith concerning the alleged failure to produce before seeking judicial intervention." Aug. 25 Order at 1. Most recently – less than a week before the present letter-motion was filed – the Court denied plaintiff's September 1, 2022 letter-motion to compel and for sanctions because, among other things, "plaintiff failed to comply with Fed. R. Civ. P. 37(a)(1), Local Civ. R. 37.2, or § 2(b) of this Court's individual practices." Sept. 2 Order ¶¶ 1, 2.

*Second*, the motion lacks merit, in that plaintiff did not file this action until August 21, 2020, and did not serve any defendant with process until December 31, 2020, fourteen months after the alleged incident. (Dkt. 12.) "The first element of the traditional spoliation test," which is also applicable to electronically stored information under Fed. R. Civ. P. Rule 37(e), "requires the moving party to demonstrate that the spoliating party had an obligation to preserve the evidence at the time it was destroyed." *Leidig v. Buzzfeed, Inc.*, 2017 WL 6512353, at *8 (S.D.N.Y. Dec. 19, 2017) (citation and quotation marks omitted). "The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation." *Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001); *accord Resnik v. Coulson*, 2019 WL 1434051, at *7 (E.D.N.Y. Mar. 30, 2019) (quoting *Rabenstein v. Sealift, Inc.*, 18 F. Supp. 3d 343, 360 (E.D.N.Y. 2014)). Here, plaintiff claims that she "sent a 'package' to Shamin Chaitram the week of October 21, 2019 to memorialize their conversation with a written Cease & Desist Letter demanding that the store stop defaming plaintiff to third parties and informing the store that plaintiff was going to file a lawsuit[.]" Sept. 23 Letter-Mtn. at ECF p. 5. But plaintiff did not produce or describe that "package" in her automatic disclosures (which she has amended three times),[4] did not mention it in any of her previous filings relating to the missing videotapes, and did not submit it with her motion papers. Consequently, even if the spoliation motion were timely filed, it would be denied,

---

[4] *See* Plaintiff's Rule 26(a)(1) Third Amended Initial Disclosures, dated Sept. 1, 2022 (Dkt. 89-1) at 2. Plaintiff also claims that she sent a "cease and desist email" to former defendant Key Food Stores on October 20, 2019, concerning the alleged defamation. *See, e.g.*, Am. Compl. (Dkt. 34) ¶¶ 8, 47. Rather than attach that email to her pleading, however, plaintiff attached what appears to be a responding email, dated October 21, 2019, in which Key Food Store's social media administrator apologized, vaguely, for "the way in which you were treated in one of our stores." *Id*. ¶ 46 & Ex. 1. Similarly, in her Third Amended Initial Disclosures, plaintiff lists only the responding email. Plaintiff has never submitted the actual "cease and desist email" to the Court.

because plaintiff has not shown that defendant 55 Fulton Market had a duty to preserve its security videotape before it was served with process in this action.[5]

The branch of plaintiff's September 23 requesting that Chaitram be produced again, "as a managing agent of 55 Fulton Market," is also DENIED. Plaintiff acknowledges that Chaitram has been "out of work on a disability leave" since contracting a severe case of COVID. Sept. 23 Letter-Mtn. at ECF p. 18 (Lee Decl. ¶ 6). Even if, as plaintiff now contends, Shaiman is still in some sense "employed" by 55 Fulton market, *id*. at ECF p. 5, that would not transform her from a percipient witness into a corporate representative pursuant to Fed. R. Civ. P. 30(b)(6), and thus would not alter the appropriate scope of her deposition or entitle plaintiff to a second session of that deposition.

## Further Proceedings are Required as to the Remainder of the September 23 Letter-Motion

As noted above, plaintiff also claims that Chaitram lied during her deposition about her lack of memory concerning the events of October 2019 and was coached to do so by defendants' counsel. *See* Sept. 23 Letter-Mtn. at ECF page 6 (alleging that Chaitram "told Erika Lee that that she remembered the incident but that Chaitram was told by her employer's attorney to pretend that she didn't recall anything and to pretend that she was not employed as a manager at 55 Fulton Market."). This is a serious charge. Moreover, it is entirely dependent on the Lee Declaration for

---

[5] Plaintiff also claims that as late as August 2, 2022, defendants' counsel "intentionally made false statements to the Court about video cameras not being present on the lower level" of the grocery store. Sept. 23 Letter-Mtn. at ECF page 4. This is clearly inaccurate. Counsel did not say that there were no *cameras*; he said that there is no *video*, explaining: "The video is taped over after a very short period of time and it's gone, before we heard from Mr. Azzarmi. As we have answered to him in his prior discovery demands, there is no video." Tr. of Aug. 2. 2022 Conf. (Dkt. 95) at 10:7-20.

its evidentiary foundation.[6] Consequently, if plaintiff elects to press this branch of her motion, formal briefing and an evidentiary hearing will be necessary, including in-person testimony from Ms. Lee. The Court will also require formal briefing with respect to the branch of the motion requesting that 55 Fulton Market's Rule 30(b)(6) witness, Palma, be produced again, for additional testimony, because he was not adequately prepared for his scheduled deposition.

### Procedure for Further Discovery-Related Motions

If plaintiff wishes to press the portions of the September 23 letter-motion not disposed by this Order, the following schedule will apply:

1. Plaintiff shall file her moving papers, including a notice of motion, a memorandum of law, and any supporting declarations, no later than **October 21, 2022**. The Court expects plaintiff to comply with the requirements of Local Civil Rules 7.1 and 11.1, including the requirement, set forth in Rule 11.1(b)(3), that all text (subject to limited exceptions) be **double-spaced**. Plaintiff's papers must also be internally paginated. If plaintiff relies on a deposition transcript, she must attach the complete transcript, marked to show the portions that plaintiff believes to be relevant to the motion. If plaintiff relies on Ms. Lee's declaration, or any other declarations from non-party witnesses, each such witness must also attest, under penalty of perjury,

---

[6] This is not the first time that Ms. Lee's name has come up in this action. *See* Sept. 1 Letter-Mtn. at ECF p. 10). As relevant here, Ms. Lee states that she spoke to Ms. Chaitram on August 2, 2022 – the same day on which defendants' counsel represented to the Court that that Ms. Chaitram no longer works for 55 Fulton Market, "does not know the plaintiff[,] and has no knowledge of any incident at all as described in the Complaint." Tr. of Aug. 2, 2022 Conf. at 9:21-24. Ms. Lee further attests that Ms. Chaitram – who, according to Ms. Lee's declaration, knew her only as a regular customer at the grocery store where she worked before contracting COVID – stated during that August 2 conversation that all of those representations were false *and* that she (Ms. Chaitram) could corroborate other, previously uncorroborated allegations made by plaintiff. According to the Lee Declaration, Ms. Chaitram told Ms. Lee that she "is a current manager of 55 Fulton Market"; that she "remembers everything that happened with Aasir Azzarmi back in October 2019 when Angel slandered Aasir Azzarmi to the customers because Angel told Shamin about the incident before Aasir arrived at 55 Fulton Market the next day to speak with Shamin"; and even that she read plaintiff's "online complaint," which was sent to 55 Fulton Market by Key Food. Lee Decl. ¶¶ 6, 8. Lee further attests that Chaitram told her that 55 Fulton Market's attorney coached Chaitram to lie at her upcoming deposition and to "pretend" that "she had a complete memory loss" and "was no longer employed by 55 Fulton Market." *Id*. ¶ 8. Ms. Lee adds that that a different 55 Fulton Market employee, "Sammy" Abdelaziz, told Lee "[a]round April 2022" that Ms. Chaitram was "out of a Covid leave of absence" but "is still employed as a Manager" at the store." *Id*. ¶ 7.

      to her or his home address, email address, and telephone number. That information may be redacted from plaintiff's papers as filed on the public docket; however, plaintiff must mail or hand-deliver *unredacted* copies of the non-party declaration(s) to the chambers of the undersigned Magistrate Judge, so that the Court can file the unredacted declarations under seal, visible only to the parties and to court staff.

2. Defendants shall file their opposition papers no later than **November 4, 2022**. If defendants rely on a deposition transcript (not previously filed by plaintiff), they must attach the complete transcript, marked to show the portions that defendants believe to be relevant to the motion.

3. Plaintiff shall file her optional reply papers no later than **November 11, 2022**.

4. Principal memoranda of law are limited to 15 pages, double-spaced. The optional reply memorandum is limited to 8 pages, double-spaced.

If defendants seek any further discovery-related relief, they too shall file their moving papers, including a notice of motion, a memorandum of law, and any supporting declarations, no later than **October 21, 2022**. Thereafter, the parties shall follow the same schedule and adhere to the same rules and page limits set forth above.

The Court will hold a hearing on plaintiff's motion, and on any discovery-related motion filed by defendants, on **November 21, 2022**, at **10:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse. If plaintiff continues to rely on the written testimony of Ms. Lee to support her claims concerning the Chaitram deposition, plaintiff must produce Ms. Lee for live testimony, under oath, at the hearing. After reviewing the parties' motion papers, the Court will determine whether any other witnesses must appear for live testimony.

## Conclusion

Plaintiff's September 8, 2022 letter-motion (Dkt. 93) is DENIED. Plaintiff's September 23, 2022 letter-motion (Dkt. 97) is DENIED IN PART AND GRANTED IN PART, to the extent set forth above. The parties shall adhere to the briefing schedule and other provisions set forth above with respect to (a) the portions of the September 23 letter-motion not disposed by this Order

and (b) any motion filed by defendants for discovery-related relief. The deadline for filing summary judgment motions is EXTENDED until 30 days after the Court's decision on the parties' remaining discovery-related motions.

Dated: New York, New York
       October 7, 2022              **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**