

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

        Plaintiff,

-against-

55 FULTON MARKET, et al.,

        Defendants.

20-CV-6835 (GBD) (BCM)

**ORDER STRIKING UNAUTHORIZED SUBMISSIONS**

**BARBARA MOSES, United States Magistrate Judge.**

"Litigation, including motion practice, is an ordered process." *Paravas v. Cerf*, 2022 WL 203168, at *2 (S.D.N.Y. Jan. 24, 2022). In this case, that ordered process is threatened by the parties' persistence in filing unauthorized submissions, untethered to any pending motion or other matter before the Court for decision, in violation of the Court's clear limits on permitted post-discovery filings (*See* Dkts. 100, 104.)

On October 17, 2022 – the deadline for the parties to file any remaining motions seeking discovery-related relief – plaintiff elected not to file any such motions. Instead, on November 4, 2022, she filed an overlength brief described as her "response to defendants' motion" and "cross-motion for sanctions under Rule 37(d) or in the alternative, under the Court's inherent authority." (Dkt. 111.) By order dated November 9, 2022 (Nov. 9 Order) (Dkt. 112), I struck the "cross-motion" portion of plaintiff's November 4 submission.

The next day, defendants filed two declarations, one signed by their counsel, Andrew S. Hoffman (Hoffman Decl.) (Dkt. 114), and one by nonparty Shamin Chaitram. (Dkt. 115.) Both bear only on a potential motion, alleging misconduct by Chaitram and Hoffman at Chaitram's deposition, that plaintiff Aasir Azzarmi previously threatened (*see* Dkts. 97, 103) but never filed (despite express leave from the Court to do so), and did not mention in her purported cross-motion. The Chaitram declaration was submitted to "demonstrate the falsity" of certain allegations relevant

only to that threatened motion. Hoffman Decl. ¶ 5. The Hoffman declaration was submitted "solely for the purpose of clarifying any indication in the record of wrongdoing on [counsel's] part in this matter." *Id*. ¶ 6.

Predictably, Azzarmi responded – one day later – by filing a motion to strike defendants' declarations, accompanied by two new declarations, for use should the Court "not strike Defendants' new evidence[.]" (Dkt. 116 at ECF p. 3.) The first declaration is signed by plaintiff herself (Azzarmi Decl.) (Dkt. 116 at ECF pp. 4-8) and attaches exhibits. The second is signed in the name of nonparty Erika Lee. (Dkt. 116 at ECF p. 9.) Both reiterate and/or expand on allegations relevant only to the threatened but unfiled motion regarding the Chaitram deposition.

The docket of a federal district court is not a subreddit. The documents at Dkts. 114, 115, and 116 are hereby STRICKEN from the record as unauthorized and irrelevant to any matter pending before the Court. Nor will the Court hold any hearing with respect to plaintiff's unfiled motion regarding the Chaitram deposition. To the extent plaintiff has an "understanding" that "an evidentiary hearing will take place concerning Ms. Lee's claims," Azzarmi Decl. ¶ 9, her understanding is unfounded.

The Court will hold a hearing, as planned, with respect to defendants' timely motion for discovery-related relief. (Dkt. 108.) That hearing is presently scheduled for November 21, 2022. *See* Nov. 9 Order at 6. By letter dated November 14, 2022, defendants advise the Court that Anthony Yannucci, whose testimony is required in support of defendants' motion, will not be available on November 21, 2022, due to mandatory training. (Dkt. 117.) Defendants may either request a brief adjournment of the hearing or, if they are unable to produce Yannucci for testimony, may withdraw the portion of their motion alleging that plaintiff obstructed defendants' ability to

2

obtain deposition testimony from nonparty Stephanie Acosta. Defendants shall advise the Court of their election, by letter, no later than **November 17, 2022**.

Dated: New York, New York
November 15, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**