

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

           Plaintiff,

-against-

55 FULTON MARKET, et al.,

           Defendants.

20-CV-6835 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated October 24, 2022 (Dkt. 108), defendants 55 Fulton Market and Angel Palma ask this Court to dismiss this defamation action, pursuant to its inherent authority, as a penalty for *pro se* plaintiff Aasir Azzarmi's "repeated refusal to comply with the Court's very clear instructions and for withholding critical discovery." Def. Mem. (Dkt. 110) at 1. Defendants complain in particular that by refusing to answer numerous questions at deposition – primarily on Fifth Amendment grounds – and by attending the Palma deposition by Zoom but refusing to appear on camera, plaintiff obstructed defendants' ability to inquire into the significant identification and credibility issues raised by plaintiff's newly-minted assertion, first made on August 2, 2022, that at all times relevant to this action plaintiff has identified as a transgender woman, dressed in women's clothing (including a hijab), and used a wheelchair. Def. Mem. at 1-4.[1]

---

[1] All of the documents that plaintiff filed in this action prior to August 2, 2022, including pleadings and witness declarations, use the pronouns "he," "his," and "him" when referring to Aasir Azzarmi. *See*, *e.g.*, Amend. Compl. (Dkt. 34) ¶¶ 13, 19; Acosta Decl. (Dkt. 34, at ECF pp. 52-55) ¶¶ 3, 7, 9. Moreover, according to plaintiff (and eyewitness Stephanie Acosta), defendant Palma also used those pronouns on October 20, 2019, when Palma confronted plaintiff in a grocery store, accused plaintiff of being "a thief," and stated, in a loud voice, "I've caught *him* stealing from this store many times in the past and had *him* arrested a few times for loading up carts and garbage bags and *running out of the store* and stealing." Amend. Compl. ¶ 13 (emphases added.) In her corroborating declaration, Acosta states that "Manager Angel began loudly screaming in a hostile tone, pointing at Aasir '*he* is a thief, I had *him* arrested several times for stealing, *he* is always stealing, loading up the shopping carts and loading up his garbage bags and *running out of the store*.'" Acosta Decl. ¶ 3 (emphases added). Defendants deny that any such event occurred, and suggest that plaintiff fabricated the entire incident. *See*, *e.g.*, Answer (Dkt. 64) ¶ 2; Def. Second Amend. Initial

In their motion papers, defendants also complain that plaintiff colluded with Acosta to evade service of defendants' deposition subpoena. Def. Mem. at 4-5. However, after learning that the process server who attempted service on Acosta was unavailable to testify, defendants withdrew this portion of their motion. (Dkt. 119.)

After carefully considering the parties' papers in support of and in opposition to the motion (*see* Dkts. 109-118), as well as the arguments presented at yesterday's hearing, the Court will deny defendants' motion to the extent it seeks terminating sanctions, but impose a preclusion order, as detailed below.

## **Discussion**

Plaintiff has indeed engaged in frequent discovery and other pretrial misconduct, including numerous violations of this Court's orders, thereby imposing unnecessary and unwarranted burdens on defendants and the Court. (*See* Dkts. 22, 28, 32, 67, 70, 78, 83, 87, 90, 94, 100, 104, 112, 118.) Moreover, plaintiff has made detailed voluntary statements about her transgender and disability status in this action (*see* Dkt. 84 at ECF p. 5; Dkt. 88 at ECF pp. 4-25), thus barring her from invoking her Fifth Amendment rights "when questioned about the details." *See Mitchell v. United States*, 526 U.S. 314, 321 (1999); *accord OSRecovery, Inc. v. One Groupe Int'l, Inc.*, 262 F. Supp. 2d 302, 306 (S.D.N.Y. 2003). However, a close review of plaintiff's deposition transcript reveals that although she initially refused to answer numerous questions about her gender presentation and mobility on Fifth Amendment grounds, *see* Hoffman Decl. Ex. A (Dkt. 109-1) (Pl. Dep. Tr.) at 19-20, 30-32, 33-34, 34-35, 35, 95, she later relented and provided much of the

---

Disclosures (Dkt. 80, at ECF pp. 15-17) ¶¶ A(1)-(4); Tr. of Aug. 2, 2022 Hr'g (Dkt. 95) at 8:21-22. Since there is no surviving surveillance video that might show the alleged incident (*see* Dkt. 100, at 4-6), plaintiff's current claim as to her gender presentation and mode of transportation raise issues relevant to the merits as well as to plaintiff's credibility.

requested information, including a full description of her appearance and conduct on October 20, 2019. *See id*. at 17-22, 28-29, 33-34, 62-68, 74-75.

To be sure, plaintiff steadfastly refused, on Fifth Amendment grounds, to answer other relevant questions, as to which she has failed to articulate any "reasonable cause to apprehend that answering the question will provide the government with evidence to fuel a criminal prosecution." *OSRecovery*, 262 F. Supp. 2d at 306. *See*, *e.g*., Pl. Dep. Tr. at 26-27 ("Where do you reside?"),[2] 91 (Have you ever used any other names during your life other than 'Aasir Azzarmi'"?),[3] 99 ("What name did you use when you attended Hudson Community College?"), 101 ("How have you supported yourself . . . since 2018?"), 109 ("When is the last time you applied for a job?"). However, at the hearing, defendants' counsel declined the opportunity to reopen plaintiff's deposition for the purpose of obtaining answers to these questions. Mindful that the Court's inherent powers "must be exercised with restraint and discretion," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991), and that "outright dismissal of a lawsuit . . . is a particularly severe sanction" to be avoided if lesser measures are available to ameliorate the harm, *id*. at 45, I decline to dismiss this action based on plaintiff's deposition misconduct. Instead, I will preclude the plaintiff, henceforth, from offering favorable testimony as to any of the questions she refused to answer at deposition. *See OSRecovery*, 262 F. Supp. 2d at 307 (Parties may not "use the Fifth Amendment as both a shield and a sword . . . as dictated by whim or self-interest[.]"); *Jay v. Spectrum Brand*

---

[2] Plaintiff claims to reside in California, and on that basis invoked the Court's diversity jurisdiction. *See* Am. Compl. ¶¶ 1, 7. However, plaintiff has filed numerous lawsuits in the Southern and Eastern Districts of New York, and appears to be physically present in New York City with some frequency, making defendants' inquiry as to her actual residence pertinent to (among other things) the threshold issue of subject matter jurisdiction.

[3] Some of plaintiffs' lawsuits have been filed under the name Nicholas Pimentel. *See*, *e.g*., Second Amend. Compl., ECF 31, *Pimentel v. Delta Air Lines, Inc., et al*., No. 17-CV-5317-AMD-JO (E.D.N.Y. July 20, 2018) (referring to plaintiff throughout as "Nicholas Pimentel a/k/a Aasir Azzarmi").

*Holdings, Inc.*, 2015 WL 6437581, at *6 (S.D.N.Y. Oct. 20, 2015) (noting that no finding of willfulness is required for sanctions short of dismissal).

I note as well that even in the absence of formal sanctions, a civil plaintiff's refusal to testify on Fifth Amendment grounds is not costless. At trial, defendants may seek an appropriate instruction informing the jury that it may (though it is not required to) "infer from such a refusal that the answer would have been adverse to the witness' interest[.]" *Mirlis v. Greer*, 952 F.3d 36, 42-45 (2d Cir. 2020) (approving instruction in that form).

No formal sanctions are warranted for plaintiff's refusal to appear on camera during the Palma deposition. While it no doubt would have been helpful to Palma to be able to see plaintiff (particularly when attempting to answer questions asking whether he had "ever met" her, "seen a photo of" her, called her a thief or a shoplifter, or banned her from the grocery store, *see* Hoffman Decl. Ex. B (Dkt. 109-2) at 25, 26, 28, 72, 78), defendants cite no authority for the proposition that she was required to appear for this purpose. Moreover, as a party, Palma was entitled to attend plaintiff's deposition (which took place the day before his own), where he could have viewed plaintiff at his leisure. Alternatively, defendants could have videotaped plaintiff's deposition. Nothing in this Order, however, precludes defendants from introducing evidence of plaintiff's refusal to be viewed or asking the jury to draw appropriate inferences from that refusal.

## Conclusion

For these reasons, plaintiff will be precluded, henceforth, from offering favorable testimony (written or oral) as to any of the questions she refused to answer at deposition. Defendants' motion (Dkt. 108) is otherwise DENIED.

Discovery having concluded, the parties' summary judgment motions, if any, are due 30 days from the date of this Order, on **December 23, 2022**. Motion papers must conform to Judge Moses's Individual Practices.

Dated: New York, New York
November 22, 2022

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**