```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/27/23
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

           Plaintiff,

-against-

55 FULTON MARKET, et al.,

           Defendants.

20-CV-6835 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    By motion dated December 31, 2022 and filed January 3, 2023 (Pl. Mtn.) (Dkt. 135), *pro se* plaintiff Aasir Azzarmi seeks an order, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, suspending the briefing on defendants' pending motion for summary judgment (Dkt. 125) until plaintiff can take the deposition of non-party Philip Tysowski, a detective with the Port Authority of New York and New Jersey Police Department, who submitted a declaration (Tysowski Decl.) (Dkt. 127) in support of defendants' motion. In the alternative, plaintiff requests preclusion sanctions pursuant to Rule 37(c) for what plaintiff describes as defendants' failure to update their Rule 26(a)(1)(A)(i) disclosures to identify Det. Tysowski. In her accompanying declaration (Pl. Decl.) (Dkt. 135 at ECF pp. 14-31), plaintiff complains that she "never had an opportunity to cross-examine" Det. Tysowski, Pl. Decl. ¶¶ 2-3, and asserts that she "cannot present facts essential to her defense" without taking his deposition. *Id.* ¶ 15.

    Defendants did not file any response, and the time for doing so pursuant to Local Civ. R. 6.1(b) has now expired.

    Rule 26(e)(1)(A) requires a party to supplement or correct a disclosure previously made pursuant to Rule 26(a)(1)(A)(i) if the previous disclosure is "incomplete or incorrect, and if the additional or corrective information *has not otherwise been made known to the other parties during the discovery process or in writing*." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). The "combined

purpose of these Rules is to avoid surprise or trial by ambush." *Lopez v. City of New York*, 2012 WL 2250713, at *1 (E.D.N.Y. June 15, 2012). On August 25, 2022 – more than six weeks before the close of fact discovery – defendants submitted a letter (Dkt. 82) providing plaintiff with all of the information required by Rule 26(a)(1)(A)(i), and then some: Det. Tysowski's name, his work affiliation, his telephone number, and a detailed description of the relevant information to which he could attest (and to which he has now attested in the declaration to which plaintiff objects). *See also* Pl. Decl. ¶ 8 (quoting August 25, 2022 letter). Since the required "additional information" was "otherwise made known to [plaintiff] during the discovery process . . . in writing," satisfying Rule 26(e)(1)(A), plaintiff is not entitled to the preclusion sanction prescribed by Rule 37(c)(1).

Nor is plaintiff entitled to relief pursuant Rule 56(d), which permits the court to "allow time to . . . take discovery" when the party against whom a summary judgment motion is made shows that "for specified reasons, [she] cannot present facts essential to justify [her] opposition" without that discovery. Fed. R. Civ. P. 56(d)(2)-(3). Azzarmi states in general terms that she needs to take Det. Tysowski's deposition to "dispute his fraudulent, perjurious testimony" about a personal encounter that, according to Det. Tysowski, he had with plaintiff in Terminal 5 of JFK Airport on August 20, 2021. Pl. Decl. ¶ 17. But she offers no clue as to the basis of her apparent belief that Tysowski will simply admit, at deposition, that he "is a liar," that he "has no personal knowledge of Plaintiff or what she looked like in August 2021," and that he "has never met or seen or spoken to Plaintiff at any time[.]" *Id*. ¶ 18.

Moreover, plaintiff had plenty of opportunity, at her own deposition on September 6, 2022, to testify about what did (or did not) occur at JFK Airport on August 20, 2021. Had she answered the questions she was asked (and had she testified, as she now suggests she would have, either that she was not in Terminal 5 on that date or that she was there but had no interaction with Det.

Tysowski), she would be free to use that deposition testimony to contest Tysowski's declaration and create a triable issue of fact. She would also be free to submit her own declaration on the subject. Instead, plaintiff refused to answer any of the questions she was asked about the incident:

> Q. Were you located at JFK airport sometime in August of 2021 attempting to board a JetBlue flight to Los Angeles?
>
> A. Fifth Amendment privilege.
>
> Q. You are aware that the court has already determined that you need to answer these questions, correct?
>
> A. Fifth Amendment privilege.
>
> Q. Do you recall having a conversation with a Port Authority detective by the name of Tytowski [sic] at the airport in August of 2021?
>
> A. Fifth Amendment privilege.

Pl. Dep. Tr. (Dkt. 109-1) at 93-94.

As a result of her intransigence, plaintiff has been precluded from "offering favorable testimony (written or oral) as to any of the questions she refused to answer at deposition." Order dated Nov. 22, 2022 (Dkt. 120) at 4. In short, if plaintiff is not in a position to "dispute Tysowski's fraudulent, perjurious testimony," Pl. Decl. ¶ 17, it is because of her own discovery misconduct rather than for want of an opportunity to take his deposition.

For these reasons, plaintiff's Rule 56(d) motion (Dkt. 135) is DENIED. Plaintiff may have until **February 10, 2022** to file her papers in opposition to defendants' summary judgment motion. Reply papers will be due on **February 24, 2023**.

Dated: New York, New York
       January 27, 2023                    SO ORDERED.

                                           _____
                                           **BARBARA MOSES**
                                           **United States Magistrate Judge**