```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/8/23
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

                Plaintiff,

-against-

55 FULTON MARKET, et al.,

                Defendants.

20-CV-6835 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    By motion dated February 3, 2023 (Pl. Mtn.) (Dkt. 138), *pro se* plaintiff Aasir Azzarmi seeks reconsideration of the Court's Order dated January 27, 2023 (1/27/23 Order) (Dkt. 137), which denied plaintiff's motion (Dkt. 135) to (i) suspend the briefing on defendants' pending motion for summary judgment (Dkt. 125) pursuant to Fed. R. Civ. P. 56(d) until plaintiff could take the deposition of PAPD Det. Philip Tysowski, who submitted a declaration (Dkt. 127) in support of that motion, or (ii) preclude the Tysowski declaration pursuant to Fed. R. Civ. P. 37(c) as a sanction for what plaintiff describes as defendants' failure to update their Fed. R. Civ. P. 26(a)(1)(A)(i) disclosures to identify Det. Tysowki as a person with relevant information. *See* Pl. Mtn. at 1. Plaintiff also seeks reconsideration of the Court's Order dated August 30, 2022 (8/30/22 Order) (Dkt. 87), insofar as that Order denied her motion (Dkt. 84) to strike defendant's letter dated August 25, 2022 (8/25/22 Ltr.) (Dkt. 82). *See* Pl. Mtn. at 2. The letter that plaintiff sought to strike disclosed Det. Tysowski's name, work affiliation, and telephone number, contained a detailed description of the relevant information to which he could (and later did) attest, and attached an Intelligence Bulletin stating that Azzarmi was wanted by the PAPD "for Grand Larceny, Criminal Impersonation, and Theft of Services." 8/25/22 Ltr. at ECF p. 3.

    Both branches of the motion will be denied. A reconsideration motion must be made within 14 days and must identify the "matters or controlling decisions which [the moving party] believes

the Court has overlooked." Local Civ. R. 6.3. Such a motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 144 (2d Cir.1998).

As to the 8/30/22 Order, plaintiff's motion is untimely, and as to both challenged Orders, plaintiff has failed to identify any matters that were before the Court on the original motion but were overlooked. Plaintiff's contention that the 1/27/23 Order overlooked Rule 26(a)(1)(A)(i), *see* Pl. Mtn. at 5, is frivolous. Not only did the 1/27/23 Order discuss Rule 26(a)(1)(A)(i), it explained that since the 8/25/22 Letter (which plaintiff tried and failed to strike) "provid[ed] plaintiff with all of the information required by Rule 26(a)(1)(A)(i), and then some," regarding Det. Tysowski, it satisfied Rule 26(e)(1)(A), such that plaintiff was not entitled to preclusion sanctions (or a late deposition) based on defendants' failure to formally update their Rule 26(a)(1)(A)(i) disclosures to include Det. Tysowski's name. Similarly, the Court did not "overlook" plaintiff's contention that Tysowski's testimony goes to an "unpled affirmative defense." *See* Pl. Mtn. at 3-4, 11. It does not. Defendants were not required to plead an affirmative defense in order to challenge the truthfulness of plaintiff's pleadings and testimony.[1]

Nor is plaintiff entitled to reconsideration based on "newly-discovered evidence," Pl. Mtn. at 4, consisting of Det. Tysowski's Case Supplemental Reports, which are attached to plaintiff's supporting declaration (Pl. Decl.) (Dkt. 138 at ECF pp. 19-20) as Exhibits 1 and 2 (Dkt. 138 at

---

[1] "An affirmative defense is defined as '[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, *even if all allegations in the complaint are true*.'" *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) (quoting Black's Law Dictionary 430 (7th ed.1999)) (emphasis added). Here, defendants proffered evidence concerning Det. Tysowski's encounter with plaintiff at JFK Airport on August 20, 2021 to bolster their contention that the allegations in plaintiff's complaint are *not* true and that her recent deposition testimony was untruthful as well. *See* 8/25/22 Ltr. at 2; Def. Mem. in Supp. of Summ. Jmt. (Dkt. 126) at 3-6.

ECF pp. 21-22). To the extent the Case Supplemental Reports show that Det. Tysowski planned to arrest plaintiff (making it risky for plaintiff to take his deposition *pro se*), that merely confirmed the information set forth in the Intelligence Bulletin, which plaintiff had no later than August 25, 2022. Plaintiff may well have rationally determined not to seek Tysowski's deposition during the fact discovery period for fear of arrest and criminal prosecution, *see* Pl. Mtn. at 5, 8-9; if so, that decision does not implicate either Rule 56(d) or Rule 37(c).

Plaintiff's suggestion that the entire criminal investigation was fraudulently concocted by a lawyer who has no role in this case but who represented plaintiff's former employer Delta Air Lines (Delta) in a series of unrelated cases that plaintiff litigated and lost against Delta, *see* Pl. Mtn. at 4-5, Pl. Decl. ¶ 5, is pure speculation, and in any event has no bearing on the issues in this defamation case or on the motions that plaintiff now seeks to revive. Plaintiff's Confrontation Clause argument, made for the first time on reconsideration, *see* Pl. Mtn. at 9, 13-16, is also meritless. The Confrontation Clause applies in "criminal proceedings." U.S. Const. amend. VI. It does not bar the use of declarations in support of summary judgment motions in civil cases.

Finally, the Court notes that plaintiff has now elected to waive her Fifth Amendment privilege with respect to Det. Tysowksi and the incident at JFK airport on August 20, 2021. *See* Pl. Mtn. at 16 (express waiver); Pl. Decl. ¶¶ 3-4 (attesting, among other things, that the incident did not happen, that she never saw, spoke to, or interacted with Tysowski, and that she "was not at Terminal 5 at JFK Airport on August 20, 2021"). She therefore has no further need of relief under Rule 56(d), which permits the court to "allow time to . . . take discovery" when the party seeking that discovery shows that she "cannot" otherwise present facts sufficient to create a genuine dispute. Fed. R. Civ. P. 56(d)(2)-(3); *see also* 10B Wright & Miller, Fed. Prac. & Proc. Civ. § 2740 (4th ed.) ("Rule 56(d) protects a party opposing a summary judgment motion who for

valid reasons cannot by affidavit – or presumably by any other means authorized under Rule 56(c) – present facts essential to justify the adverse party's opposition to the motion."). The Court defers to another day the question whether – if summary judgment is denied – defendants will be entitled to a resumed deposition of plaintiff with respect to the matters on which she previously refused to testify.

For these reasons, the reconsideration motion at Dkt. 138 is DENIED. Plaintiff's papers in opposition to defendants' summary judgment motion remain due **February 10, 2023**.

Dated: New York, New York
February 8, 2023

SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**