

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

              Plaintiff,

-against-

55 FULTON MARKET, et al.,

              Defendants.

20-CV-6835 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    By motion dated March 1, 2023 (Mot.) (Dkt. 144) plaintiff asks this Court to strike certain photographs submitted as exhibits to defendants' reply brief in support of their summary judgment motion (Dkt. 143); to exclude those photographs at trial; and/or to authorize plaintiff to file sur-reply papers in further opposition to defendants' summary judgment motion.

    Plaintiff is correct that the photographs have not been properly authenticated and therefore are not – on the present record – admissible. However, as plaintiff acknowledges, *see* Mot. at 5, motions to "strike" inadmissible or otherwise improper evidence submitted in support of or in opposition to a summary judgment motion are unnecessary, because the district court "may simply disregard" any inadmissible portions. *Nodoushani v. S. Conn. State Univ.*, 507 F. App'x 79, 80 (2d Cir. 2013) (quoting *Rus, Inc. v. Bay Indus., Inc.,* 322 F. Supp. 2d 302, 307 (S.D.N.Y. 2003)); *see also* Fed. R. Civ. P. 56(c), 2010 Advisory Comm. Note ("There is no need to make a separate motion to strike."); *Hooks v. Forman Holt Eliades & Ravin LLC*, 2015 WL 5333513, at *3 (S.D.N.Y. Sept. 14, 2015) ("the Rule 56 standard makes a motion to strike obsolete in the summary judgment context"); *Mergers & Acquisition Servs., Inc. v. Eli Glob., LLC*, 2017 WL 1157132, at *16 (S.D.N.Y. Mar. 27, 2017) (denying motion to strike as unnecessary, since the court "has not relied upon any evidence submitted that is not supported or admissible").

On December 22, 2022, the Court denied *defendants'* motion to strike portions of *plaintiff's* summary judgment papers, noting that it is "familiar with the standards governing summary judgment" and "unlikely to be distracted" by improper evidence or argument. (Dkt. 124.) That has not changed. The Court will not consider inadmissible or otherwise improper evidentiary submissions from any party. Accordingly, insofar as plaintiff seeks to strike portions of defendants' summary judgment reply papers from the record, the motion is DENIED.

Nor is plaintiff entitled to an *in limine* order excluding the photographs at trial. *See* Mot. at 3. The Court cannot rule, on the present record, that they are "clearly inadmissible on all potential grounds." *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003). Consequently, the branch of plaintiff's motion seeking such a ruling is DENIED.

Finally, plaintiff's request to file a sur-reply brief to "respond" to defendants' reply papers, *see* Mot. at 12-14, is DENIED. Thus far, plaintiff has filed six briefs and seven declarations in connection with the parties' summary judgment motions (including the 15-page motion to strike now before the Court, and its 2-page supporting declaration, both of which "respond" directly to defendants' reply papers). Nowhere in her current motion does plaintiff explain what else she might possibly have to say on that topic. "Motions for leave to file sur-reply information are subject to the sound discretion of the court." *Ramon v. Corp. City of New York*, 2019 WL 1306061, at *2 (E.D.N.Y. Mar. 21, 2019) (quoting *Anghel v. New York State Dep't of Health*, 947 F. Supp. 2d 284, 293 (E.D.N.Y. 2013), *aff'd*, 589 F. App'x 28 (2d Cir. 2015)). This Court does not require, and will not accept, any further briefing in connection with the parties' summary judgment motions.

Dated: New York, New York  
      March 3, 2023

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**