**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AASIR AZZARMI,                                              :
                                                           :
                             Plaintiff,                    :
                                                           :          MEMORANDUM DECISION
                                                           :              AND ORDER
              -against-                                    :
                                                           :          20 Civ. 6835 (GBD) (BCM)
55 FULTON MARKET and ANGEL PALMA,                          :
                                                           :
                             Defendants.                   :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

     Plaintiff Aasir Azzarmi, proceeding *pro se*, brought this diversity action against Defendant

Angel Palma ("Palma"), who works as a grocery manager at a Key Food grocery store owned by

Defendant 55 Fulton Market ("Store").  Plaintiff alleges that Palma defamed her by falsely

accusing her of being a thief while she was shopping at the store, and that another store employee

later denied Plaintiff admission to the store and told her that she was barred because she was a

known shoplifter.  (*See* Am. Compl., ECF No. 34, ¶¶ 13–14, 22–25.)  Defendants deny that any of

the alleged encounters occurred and contend that Plaintiff fabricated both incidents.  Following

the close of discovery, both Plaintiff and Defendants moved for summary judgment.  (*See* Pl.'s

Mot, ECF No. 121; Def.'s Mot., ECF No. 125.)

     Before this Court is Magistrate Judge Barbara Moses' July 18, 2023 Report and

Recommendation ("Report") recommending that this Court deny both parties' motions for

summary judgment.  (R. & R., ECF No. 146, at 2.)

     Having reviewed the Report, this Court RECOMMITS both motions to Magistrate Judge

Moses for further development of the factual record pursuant to Fed. R. Civ. P. 56(e)(1) and 28

U.S.C. § 636(b)(1)(C).  Magistrate Judge Moses is directed to hold an evidentiary hearing in order

to take testimony from Plaintiff's witnesses Stephanie Acosta, Teresa Sorrento, and Anthony

Russo. The Magistrate Judge should determine if any of these witnesses are available for trial to provide testimony consistent with their declarations submitted by Plaintiff to the Court.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[1]

As outlined in the Report, Plaintiff is a prolific *pro se* litigant who has filed at least ten lawsuits in this District alone.[2]  (Report at 3.)  None of Plaintiff's cases filed in this District—except for the present action—have proceeded to discovery.  (*Id.*)

Plaintiff filed her complaint in this action on August 21, 2020. (*See* Compl., ECF No. 2.) In her complaint, Plaintiff alleges that Defendants defamed her on October 20, 2019 when grocery store manager Angel Palma accused her of being a thief in front of other customers, including corroborating witnesses Acosta and Sorrento. (Am. Compl. ¶¶ 13–14; Acosta 2/27/21 Decl., ECF No. 34 at 52–55, ¶¶ 3, 5, 10; Sorrento Decl., ECF No. 34 at 56, ¶ 4.)

Plaintiff alleges that Defendants defamed her a second time on May 15, 2020, when another grocery store employee accused her of being a known shoplifter, in the presence of others. (Am. Compl. ¶¶ 13–14.)  In an unsworn declaration attached to Plaintiff's Amended Complaint, corroborating witness Russo alleges, that, in mid-May 2020, a third grocery store employee named "Sammy" told Russo and a man named Chris Papa that Plaintiff was "a thief who was arrested and jailed many times for stealing" from the store. (Russo Decl., ECF No. 34 at 51, ¶ 3.)  The Russo

---

[1] This Court assumes familiarity with the background set forth in the Report and recounts here only those facts necessary for resolution of the issues before it.  The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

[2] In the Central District of California, Plaintiff has been designated as a "vexatious litigant" and is barred from filing any future actions in that jurisdiction against Delta, its employees, or its passengers, without advance judicial approval. *See Azzarmi v. Wurtz*, 2020 WL 3106343, at *6 (C.D. Cal. May 21, 2020), *aff'd*, 854 F. App'x 893 (9th Cir. 2021); (Report at 4, n.6.)

2

declaration stated that Russo was told by "Sammy" that Plaintiff had been "caught stealing in October 2020 and [was] banned from entering the store." (*Id.*)

Defendants deny that any version of the alleged encounter between Palma and Plaintiff occurred, and assert that Plaintiff fabricated both the October 20, 2019 incident and the May 15, 2020 incident.

On March 25, 2022, this Court granted Defendants' motion to dismiss all defendants except for Palma and 55 Fulton Market. (*See* ECF No. 63, at 2.)

On August 2, 2022, at an in-person status conference held by Magistrate Judge Moses, Plaintiff appeared in a wheelchair, wearing a full-length dress and a hijab, which covered much of her head but revealed that she had long blonde hair. (Report at 7; *see also* ECF No. 142, at 6.) Plaintiff requested that this Court to address her as "Ms. Azzarmi." (Report at 7.)  When asked whether Plaintiff was in a wheelchair during the incident on October 20, 2019, Plaintiff replied that she was, and added that she was dressed similarly to her August 2, 2022 appearance, except that she had worn her hair in a ponytail on October 20, 2019. (Report at 7; Conf. Tr., ECF No. 95, 23:2–7.)

At her deposition, Plaintiff asserted that she has presented as a transgender woman "for years," has used a wheelchair since 2017, and was dressed in traditional female clothing and using a wheelchair on October 20, 2019. (ECF No. 84, at 4–5; Azzarmi Dep. Tr., ECF No. 129, Ex. 1, at 17:16–21, 21:25–22:3, 27:21–28:14, 62:21–25; 96:8–25; Report at 7.)

Plaintiff also filed two additional declarations in support of her claims regarding her wheelchair use and gender presentation, including a second declaration by Stephanie Acosta, and

a declaration by a witness named Erika Lee.  (Acosta 12/26/22 Decl., ECF No. 142, at 15; Lee Decl., ECF No. 142, at 16–17.)[3]

There are notable inconsistencies between Plaintiff's present depiction of her appearance and her manner of locomotion on October 20, 2019 and May 15, 2020 as compared to her Amended Complaint and the supporting declarations attached thereto.  Both Plaintiff's Amended Complaint and Acosta's February 27, 2021 initial supporting declaration refer to Plaintiff "walking" on October 20, 2019 and May 15, 2020 without any reference to the use of a wheelchair. (Report at 33–34.)  However, Plaintiff now alleges that she was in a wheelchair on October 20, 2019, and had used a wheelchair for years prior.  Yet Plaintiff's Amended Complaint plainly states that Plaintiff was "walking" towards the store on May 15, 2020. (Am. Compl. ¶ 22.)  Similarly, Acosta's first supporting declaration states that Plaintiff was "walking away from Angel [Palma]" in the store on October 20, 2019.  (Acosta 2/27/21 Decl. ¶ 5.)[4]  Plaintiff's Amended Complaint also alleges that both Palma and another female employee accused Plaintiff of having a "history of stealing . . . loading up carts and garbage bags and running out of the store many times . . ." (Am. Compl. ¶¶ 22–24.)

In addition, Plaintiff's Amended Complaint and all supporting declarations refer to Plaintiff using male pronouns and male honorifics, which is wholly inconsistent with Plaintiff's

---

[3] Lee was not a witness to any alleged defamatory incident.  In her declaration, Lee states that Plaintiff has been living as a transgender woman since at least 2019, and that Plaintiff has been using a wheelchair since 2017.  (Lee Decl. ¶¶ 4, 7–8.)

[4] There are also notable factual inconsistencies between Acosta's first Declaration, dated February 27, 2021, and her second Declaration, dated December 26, 2022.  While Acosta previously described Plaintiff as "walking away" from Palma, Acosta's second Declaration states that Acosta "was walking while pushing Aasir in a wheelchair, therefore, we were walking." (Acosta 12/26/22 Decl. ¶ 2.)

4

present contention that by October 2019 she had socially transitioned, was living as a wheelchair-bound woman, and wore only women's clothing. (*See* Report at 33.)

Discovery, which closed on October 7, 2022, was "extraordinarily contentious" and required frequent judicial intervention.[5] *Azzarmi v. 55 Fulton Mkt.*, No. 20 Civ. 6835 (GBD) (BCM), 2022 WL 6156615, at *1 (S.D.N.Y. Oct. 7, 2022). Plaintiff was deposed. However, Defendants did not depose any of Plaintiff's witnesses.

As to Acosta, Defendants stated in an unsworn letter to this Court that she was evading service and requested a "court mandated subpoena" to try to depose her. (ECF No. 101, at 1.) Defendants stated that they attempted to serve Acosta with a deposition subpoena at the address that Plaintiff had supplied for Acosta, but the occupant of the apartment advised Defendants' process server that she was not Acosta and "had no idea who that was." (*Id.*) Magistrate Judge Moses denied this request without prejudice to renew once Defendants submitted "affidavits or declarations from defendants' process server(s) as to the service attempt(s) made," (ECF No. 102, at 2), but Defendants never did so.

At her deposition, Plaintiff stated that Acosta had told Plaintiff that Defendants had called her, and that Acosta had refused to speak with Defendants. Plaintiff stated that Acosta "wasn't going to speak to you all on the phone because I believe you all wanted to talk to her for some reason . . . she didn't want to speak to you when you called." (Azzarmi Dep. Tr. 110:23–111:11.)

---

[5] For example, at Plaintiff's deposition, Plaintiff refused to answer dozens of questions on Fifth Amendment grounds. (Report at 10.) Plaintiff invoked her Fifth Amendment rights in response to jurisdictional questions as to which it is "difficult to imagine that she could have genuinely feared criminal jeopardy" (*id.*), such as questions regarding where Plaintiff resides and how long she has resided there. (*Id.* at 10 n. 15; Azzarmi Dep. Tr. 26:21–27:3, 107:20–22.) This Court subsequently issued an order barring Plaintiff from offering favorable testimony as to the questions she refused to answer at her deposition—an order Plaintiff has continued to ignore. (*See Azzarmi* v. *55 Fulton Mkt.*, No. 20 Civ. 6835 (GBD) (BCM), 2022 WL 17156709, at *3 (S.D.N.Y. Nov. 22, 2022)); (Report at 15 n. 23.)

Defendants, for their part, do not indicate that they ever made contact with Acosta by phone or otherwise.

Notably, it does not appear that Defendants deposed or made any effort to depose witnesses Sorrento or Russo, who provided unsworn declarations in support of Plaintiff's defamation claim. (Report at 36.)  In their declarations, Acosta, Sorrento and Russo state, under penalty of perjury, that they can and would testify at a trial.  (Acosta Decl. at 52, ¶¶ 1, 11; Sorrento Decl. at 56, ¶ 1; Russo Decl. at 51, ¶ 1.)  However, Plaintiff stated in her deposition that she has had no contact with Russo or Sorrento since the day Plaintiff received their declarations.[6]  (Azzarmi Dep. Tr. 44:23–45:7, 50:9–23.)  Plaintiff added that she does not know whether either Russo or Sorrento are still alive and does not have their contact information.  (*Id.* at 45:8–10, 50:23–51:14, 52:13–19.)

Following the close of discovery, Plaintiff and Defendants filed the instant cross-motions for summary judgment.  (*See* Pl.'s Mot; Defs.' Mot.)  On July 18, 2023, Magistrate Judge Moses issued a Report and Recommendation, in which she advised the parties that failure to file timely objections to her Report and Recommendation would constitute a waiver of those objections on appeal. (Report at 39.)  Neither party filed objections to the Report.

## II.   STANDARD OF REVIEW

### A.   Reports and Recommendations of a Magistrate Judge.

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects.  *Id.*

---

[6] Plaintiff stated in her deposition on September 6, 2022, that she has been in contact with Acosta and had spoken to her approximately a week "or less" prior to her deposition.  (Azzarmi Dep. Tr. 77:12–15.)

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). A magistrate's ruling is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure," and is "clearly erroneous" if "the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thai.) Co., Ltd. v. Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (citations omitted); *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). This standard of review is "highly deferential." *Thai Lao Lignite*, 924 F. Supp. 2d at 511. In response to a Report and Recommendation, the District Judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## B. Motion for Summary Judgment

To prevail on a motion for summary judgment, the movant must "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Pennington v. D'Ippolito*, 855 F. App'x 779, 781 (2d Cir. 2021) (citation omitted); *Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008).

If the movant meets its burden to demonstrate the absence of a genuine issue of material fact, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment" by "citing to particular parts of materials in the record." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008); Fed.

R. Civ. P. 56(c)(1)(A). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quotation omitted). Further, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III.  PLAINTIFF'S AND DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT ARE RECOMMITTED TO MAGISTRATE JUDGE MOSES FOR FURTHER DEVELOPMENT OF THE RECORD

Plaintiff's defamation claim relies significantly on unsworn affidavits from three witnesses: Acosta, Sorrento, and Russo, who have not been deposed. Each witnesses' declarations purports to corroborate a part of Plaintiff's claim that Defendants defamed her on October 20, 2019 and again May 15, 2020. Because Defendants did not depose Acosta, Sorrento, or Russo, this Court has only their unsworn declarations, which were not notarized and whose authenticity Defendants have called into question.[7]

These three unsworn declarations may be excluded from this Court's consideration of both motions because they are plainly inadmissible hearsay at trial. Where "affidavits lack[] signatures and attestation before a notary public[,]" a district court is "authorized to exclude sua sponte such affidavits from its consideration" of a motion for summary judgment. *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006); *Great Lakes Reinsurance (UK) SE v. Herzig*, No. 16 Civ. 9848 (PGG), 2023 WL 4266012, at *7 (S.D.N.Y. June 29, 2023) ("[A] court may, in its discretion, consider the admissibility of evidence offered at summary judgment even when no objection has

---

[7] Defendants have raised multiple credibility issues regarding Acosta, including her true identity and the fact that she has a history of supplying corroborating affidavits in support of Plaintiff's motions across various cases. (*See* Azzarmi Dep. Tr. at 81:9–16, 82:3–17; Report at 36; Def.'s Reply Mem., ECF No. 143, at 2.) Defendants also allege that Acosta's second declaration was a "forgery" because the signature on it was "made by someone who was trying to make it appear like Ms. Acosta's earlier signature." (Def.'s Reply Mem. at 2; Report at 36.)

8

been made.") (citation omitted).  Because "the purpose of summary judgment is to prevent trials that are unnecessary because of an absence of material issues of fact for the jury to decide, [] it would seem inappropriate to permit the case to proceed where the only evidence supporting Plaintiff's theory is plainly inadmissible." *Kovalchik v. City of New York*, No. 09 Civ. 4546 (RA), 2014 WL 4652478, at *6 n.7 (S.D.N.Y. Sept. 18, 2014) (citation omitted).

Fed. R. Civ. P. 56(e) sets forth this Court's options when confronted with a statement of material fact that is unsupported by admissible evidence on a motion for summary judgment:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or (4) issue any other appropriate order.

*Cortes v. City of New York*, No. 14 Civ. 3014 (LDH) (RML), 2019 WL 5592853, at *4 (E.D.N.Y. Oct. 30, 2019) (quoting Fed. R. Civ. P. 56(e)(1)–(4)).

Rule 56(e) authorizes this Court to give the parties "an opportunity to properly support or address the fact" by, in this case, taking testimony from Plaintiff's witnesses, and that such testimony may, therefore, be considered in deciding Plaintiff's and Defendants' motion for summary judgment.  *See* Fed. R. Civ. P. 56(e)(1).  Fed. R. Civ. P. 56(e)(4) also authorizes this Court to "issue any other appropriate order" when a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact.  *See McCray v. City of Albany*, No. 13 Civ. 949 (RJA) (HBS), 2017 WL 1433336, at *3 (W.D.N.Y. Apr. 24, 2017).  Thus, under Fed. R. Civ. P. 56(e)(1) and (4), district courts may reopen discovery or order that additional testimony be taken in order to give the parties an opportunity to properly support or address a material fact.  *See Cortes*, 2019 WL 5592853, at *5 (reopening discovery under Fed. R. Civ. P. 56(e)(1) and (4) for the parties to take additional depositions or obtain interrogatories); *Fleming v.*

*Evans*, No. 05 Civ. 690 (RJC) (REB), 2010 WL 199647, at \*1 (W.D. Okla. Jan. 14, 2010) (recommitting a summary judgment motion to the magistrate judge to conduct an evidentiary hearing under Fed. R. Civ. P. 56(e)(1)); *McCray*, 2017 WL 1433336, at \*3 (recommitting a motion for summary judgment to the magistrate judge for further proceedings to determine the authenticity of video evidence).

It is not clear that any of Plaintiff's witnesses would be available to testify at trial, nor whether any such trial testimony would be as reflected in their declarations. The parties require an additional opportunity to "remedy[] this evidentiary gap." *Sawabini v. McGrath*, No. 315 Civ. 692 (LEK) (DEP), 2017 WL 3727370, at \*11 (N.D.N.Y. Aug. 28, 2017) (citation omitted); *accord Myers v. Patterson*, 819 F.3d 625, 636 (2d Cir. 2016) (remanding for "further development of the record and reconsideration of the question in light of the expanded record" where the record was "so inadequately developed by counsel").

This Court thus recommits both motions to Magistrate Judge Moses pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 56(e)(1) to hold an evidentiary hearing at which Plaintiff's witnesses Stephanie Acosta, Teresa Sorrento, and Anthony Russo, are to appear and give sworn testimony under oath. *See Rowe v. AAA W. & Cent. New York, Inc.*, No. 515 Civ. 63 (LEK) (TWD), 2016 WL 7442656, at \*1 (N.D.N.Y. Dec. 27, 2016) (reserving decision pending further development of the factual record). At that scheduled hearing, Magistrate Judge Moses shall determine whether each witness who shall appear is available for trial and can provide testimony at trial that is consistent with their unsworn declarations. If Acosta, Sorrento, or Russo fail to appear for the evidentiary hearing, this Court will assume they are not able or willing to testify at trial.

## IV.   CONCLUSION

Having reviewed the Report, this Court RECOMMITS both motions to Magistrate Judge Moses for further development of the factual record pursuant to Fed. R. Civ. P. 56(e)(1) and (4), and 28 U.S.C. § 636(b)(1)(C).

Magistrate Judge Moses shall hold an evidentiary hearing for sworn testimony to be taken from Plaintiff's witnesses Stephanie Acosta, Teresa Sorrento, and Anthony Russo.

The Clerk of the Court is directed to close the open motions at ECF Nos. 121 and 125 accordingly.

Dated:  August 10, 2023
        New York, New York

                                    SO ORDERED.

                                    *George B. Daniels*
                                    _____
                                    GEORGE B. DANIELS
                                    United States District Judge