UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AASIR AZZARMI,

           Plaintiff,

-against-

55 FULTON MARKET, et al.,

           Defendants.

20-CV-6835 (GBD) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

On August 10, 2023, the Court scheduled an evidentiary hearing for October 26, 2023, and directed plaintiff Aasir Azzarmi to attend in person and to produce her corroborating witnesses, Stephanie Acosta, Teresa Sorrento, and Anthony Russo, for testimony. (Dkt. 148.)

On August 15, 2023, Azzarmi requested that the hearing be continued until "possibly, in January 2024," because she is "under doctor's care, 'homebound' and doctors staff is in the process of scheduling plaintiff to attend a nursing home for rehabilitation because plaintiff's mobility has further declined and it is not possible for plaintiff to move more than a few feet, even in a wheelchair." (Dkt. 149.)

On August 16, 2023, the Court directed plaintiff to "provide admissible evidence, including properly authenticated medical records, in support of her request for a continuance," no later than August 23, 2023. (Dkt. 150).

Plaintiff failed to do so. In her letter and declaration dated August 22 and filed August 24, 2023, plaintiff declines to provide any medical records because, she writes, their disclosure would "LEGALLY PREJUDICE PLAINTIFF AND THREATEN PLAINTIFF'S LIFE, HEALTH & PERSONAL SAFETY DUE TO STALKING BY ATTORNEYS (several) & CORPORATIONS (2 specifically)." Pl. Ltr. (Dkt. 151) at ECF p. 2. Plaintiff does not explain how she would be "legally prejudiced" by the disclosure of accurate information concerning her claimed need for an

adjournment in this action. Nor does she explain why the prospect of legal prejudice – that is, the risk that the evidence would be unfavorable to her in this or other lawsuits – entitles here to disobey an order of this Court. Similarly, plaintiff fails to explain her "stalking" allegation, except to allege, several times, that defendants' counsel in this action (and, apparently, other lawyers, in other actions that she has filed) are "atrocious," "unethical," and have a "documented history" of violating plaintiff's rights. *Id.* at ECF pp. 2-3. This Court is unaware of any such documented history.

Plaintiff adds that she is "unable to disclose her medical records" due to "pending litigation, whereby Plaintiff is represented by an attorney." Pl. Ltr. at ECF p. 2. She does not identify the litigation, or the attorney, and does not explain how the pendency of another lawsuit could prevent her from complying with an order of this Court in this lawsuit.

In her accompanying declaration, plaintiff doubles down on her claim that she is physically unable to appear in this Court on October 26, 2023, writing, "Under Doctor's orders, I am 'Homebound', where I'm not supposed to leave bed besides using restroom. Doctor's staff is attempting to place me in a rehabilitation center for recovery for my physical injuries. Due to my immobility disability, it is more difficult than ever to move more than a few feet, even with a wheelchair." Azzarmi Decl. (Dkt. 151 at ECF p. 6) ¶ 4. Plaintiff attaches a redacted document that appears to be form of preprinted doctor's note, dated August 13, 2023, excusing her from "work/school as he/she was cared for in [redacted] on [blank]." *Id.* at ECF p. 7. The signature is unreadable, and everything below the signature (where the doctor's printed name and address typically appear) is redacted. The note says nothing about the nature of plaintiff's medical condition(s), her physical limitations, or the period of time she has been or is expected to be so limited.

Although it was plaintiff herself who placed her medical condition in issue, she concludes her letter by stating that she "does not consent to disclosing her medical records to public and/or to Opposing Counsel," but will, instead, "bring documents with her to future hearing for judge's eyes only." Pl. Ltr. at ECF p. 5.

In a responding letter dated August 24, 2023 (Dkt. 152), defendants note that plaintiff has been previously warned against name-calling and personal invective,[1] and advise the Court that she recently filed a new action naming defendants' lead counsel as an individual defendant.[2] Defendants argue that the redacted doctor's note appended to plaintiff's declaration is "entirely insufficient to justify her request for an adjournment of the factual hearing," and report that if plaintiff is genuinely unable to travel, they would have no objection to her attending remotely. *Id*.

It is not up to plaintiff to tell the Court when and where she will provide the required evidence of her claimed disability. Moreover, her fear of "legal prejudice" does not lessen her obligation to obey the orders of this Court, and her allegation that she cannot disclose admissible evidence of her claimed immobility to defendants' counsel without risking her "LIFE, HEALTH, AND PERSONAL SAFETY" is not remotely credible. However, the Court agrees that there is no need for plaintiff to place her medical records on the public docket at this time. Consequently, it is hereby

ORDERED, that, no later than **August 28, 2023**, plaintiff shall submit admissible evidence, including properly authenticated medical records, supporting the claims that she has made in her request for a continuance, for filing **under seal at the "selected parties" level**. It is further

---

[1] *See* Dkts. 28, 87, 90.

[2] *See* Compl. (Dkt. 1), *Azzarmi v. Port Auth. of NY & NJ, et al.*, No. 23-CV-6640 (LTS) (S.D.N.Y. July 29, 2023). Three weeks after she filed the new case, Azzarmi voluntarily dismissed it, without serving any defendant with process. *See* Order of Dismissal (Dkt. 8), *Azzarmi v. Port Auth. of NY & NJ* (S.D.N.Y. Aug. 21, 2023).

ORDERED, that plaintiff shall include, as part of her submission, (i) the complete and unredacted doctor's note attached her to latest declaration, and (ii) complete and unredacted medical records supporting her specific claims that she is "homebound," that she is "not supposed to leave bed besides using the restroom," that it is not possible for her "to move more than a few feet, even in a wheelchair," and that "Doctor's staff is attempting to place [plaintiff] in a rehabilitation center for recovery for [her] physical injuries." It is further

ORDERED, that plaintiff shall confine her filing to the medical evidence supporting her asserted need for a continuance. If she instead persists in insulting opposing counsel or engaging in other *ad hominem* attacks, her submission will be stricken. It is further

ORDERED, that defendants' counsel of record shall not, absent consent of the plaintiff or further order of this Court, disclose or disseminate plaintiff's medical records to any other persons, directly or indirectly, except for counsel's professional staff, consultants, and/or experts, for use in connection with the defense of this action. If the records are disclosed to consultants and/or experts not in the employ of counsel's firm, counsel must provide a copy of this Order to each such consultant or expert and obtain (and retain, pending the conclusion of this action) his or her written agreement to be bound by its terms. It is further

ORDERED, that should plaintiff fail to obey this Order, the Court may deny her continuance motion without further notice, and may also issue "any just orders," Fed. R. Civ. P. 16(f)(1)(C), including orders:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

  (v)  dismissing the action or proceeding in whole or in part;

  (vi)  rendering a default judgment against the disobedient party; or

  (vii)  treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

Dated: New York, New York
    August 24, 2023      **SO ORDERED.**

                    _____
                    **BARBARA MOSES**
                    **United States Magistrate Judge**